A07A0541, A07A0542. HOOK v. BERGEN; and vice versa.
(649 SE2d 313)

ELLINGTON, Judge.

In April 2005, Laura Hook filed a complaint for, inter alia, declaratory judgment, breach of contract, and fraud against her former attorney, Joseph Bergen.[1] In Case No. A07A0541, Hook appeals from the trial court's August 22, 2006 order granting Bergen's motion for summary judgment and the denial of her cross-motion for summary judgment. In a cross-appeal, Case No. A07A0542, Bergen appeals from the court's denial of his motion to dismiss Hook's response in opposition to his motion for summary judgment, as well as Hook's cross-motion for summary judgment. Finding no error, we affirm.

The undisputed evidence of record shows the following facts. In 1979, Hook hired Bergen to represent her in an ongoing property dispute arising from her 1973 divorce. In a December 1986 order, the trial court amended Hook's divorce decree and awarded Hook her ex-husband's interest in a real estate joint venture. In the same order, the court awarded Bergen one third of Hook's newly acquired interest in the venture as attorney fees for representing Hook in the proceedings.

Three years later, Bergen represented Hook in further proceedings concerning the divorce decree and Hook's interest in the joint venture. These proceedings resulted in a 1990 order which amended the divorce decree. In that order, the court clarified Hook's interest in

---

[1] Bergen died during the pendency of this appeal, and the executor of his estate, Frederick Bergen, was substituted as the appellee/cross-appellant.

the joint venture. The court also specifically approved of the legal services contract between Hook and Bergen, and awarded Bergen one third of "all distributions of profits and other monies" that Hook was entitled to receive under the order, based upon the court's finding that Bergen's legal services to Hook "fully justify this attorney fee award." Hook and Bergen both signed the order, stating that they approved the form and content of the order. Bergen's representation of Hook ended in 1990. Neither Hook nor Bergen moved to set aside the 1990 order within three years, pursuant to OCGA § 9-11-60 (d) and (f).

Based upon the 1990 order, Hook received distributions from the joint venture and paid Bergen his one-third percentage for 14 years. In April 2004, however, Hook decided not to make any more payments to Bergen. She also filed a grievance against Bergen with the State Bar of Georgia, alleging that Bergen had violated Georgia's Rules of Professional Conduct by, inter alia, charging an unreasonable and excessive fee and charging a contingency fee in a domestic relations case. In August 2004, a member of the State Bar of Georgia's Disciplinary Board concluded that Hook's complaint failed to demonstrate that Bergen had violated Georgia's Rules of Professional Conduct. After further investigation, the Disciplinary Board notified Hook in October 2004 that there was insufficient evidence to justify formal disciplinary proceedings against Bergen.

Bergen filed a motion for contempt against Hook in December 2004 based upon her failure to pay the attorney fees as required by the 1990 order. Four months later, before the court had ruled on the motion for contempt, Hook filed the instant action against Bergen for declaratory judgment, asking the court to vacate the 1986 and 1990 orders amending the divorce decree based upon her allegation that the court which had entered those orders lacked subject matter jurisdiction. The complaint also attacked the attorney fee provision in the 1990 order as being unreasonable, ambiguous, against public policy, and fraudulent. The complaint alleged that the 1990 attorney fee provision was void and, therefore, Bergen had been unjustly enriched. Further, in the event the 1990 order was found to be invalid, the complaint asked the court to determine whether there was a binding attorney fee contract between her and Bergen and, if so, to fix the terms of the agreement. The complaint also alleged that, during Bergen's representation of Hook prior to the entry of the 1990 order, Bergen had committed fraud against Hook, had breached his contract with Hook, and had violated Georgia's Rules of Professional Conduct. In addition, Hook contended that, due to Bergen's alleged misconduct, the court should rule that Bergen had been paid in full. Hook also asked for injunctive relief, punitive damages, and attorney fees.

In July 2005, the trial court conducted a hearing on the validity and enforceability of the 1986 and 1990 orders and the propriety of

Bergen's use of a motion for contempt to enforce the attorney fee provision of the 1990 order. The hearing was not transcribed. In the October 2005 order that followed, the trial court upheld the 1986 and 1990 orders, finding that the trial court which entered the prior orders had subject matter jurisdiction over the actions and that Hook had failed to file a timely motion to vacate the orders on any other basis. See OCGA § 9-11-60 (d) (motion to set aside) and (f) (a motion to set aside on any basis other than lack of jurisdiction must be brought within three years). The court specifically found that

> the actions and behavior of Hook through the years culminating in her approving the 1990 Judgment and accepting the benefits of same over such an extended period of time, sets up a situation as contemplated by OCGA § 9-11-60 (h),[2] and the rights of the parties have vested. Hook is now estopped from attacking a judgment that she clearly aided in procuring and then enjoyed the fruits thereof for a period of time far in excess of that allowed by law for her to attack the judgment.

The court also dismissed Bergen's motion for contempt. Hook filed an application for discretionary review of this order in the Supreme Court of Georgia, which the Supreme Court denied after reviewing the merits of the application.

Bergen subsequently filed a motion for summary judgment on Hook's remaining claims, and Hook filed a cross-motion for summary judgment. On August 22, 2006, the trial court granted Bergen's motion for summary judgment and denied Hook's cross-motion for summary judgment. The court also denied Bergen's motion to dismiss Hook's response in opposition to his motion for summary judgment and her cross-motion for summary judgment. Both Hook and Bergen appeal from the court's order.

### Case No. A07A0541

1. In three enumerations of error, Hook attempts to challenge the trial court's October 14, 2005 order upholding the validity of the 1986 and 1990 orders amending her divorce decree. As shown above, however, Hook filed an application for discretionary review of the October 2005 order, and the Supreme Court of Georgia denied the

---

[2] Under OCGA § 9-11-60 (h), "generally judgments and orders shall not be set aside or modified without just cause and, in setting aside or otherwise modifying judgments and orders, the court shall consider whether rights have vested thereunder and whether or not innocent parties would be injured thereby."

application on its merits. As the Supreme Court has previously held, the denial of an application for discretionary appeal is an adjudication on the merits of the underlying order and acts as res judicata in subsequent proceedings. *Northwest Social & Civic Club v. Franklin,* 276 Ga. 859, 860 (583 SE2d 858) (2003); see also OCGA §§ 9-11-60 (h) ("any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be"); 9-12-40 ("A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside."); 9-12-42 (the doctrine of res judicata applies only when there has been an adjudication on the merits). Accordingly, Hook is estopped from seeking further judicial review of the October 2005 order.

2. In her remaining enumeration of error, Hook argues that the trial court erred in granting summary judgment to Bergen in August 2006, contending that, despite the October 2005 ruling, the trial court should have found that the attorney fee award in the 1990 order was invalid and unenforceable.[3] Specifically, she argues that the award was unreasonable, unlawful, ambiguous, and against public policy and that Bergen had fraudulently induced her to agree to the 1990 order awarding him attorney fees. She also contends that jury issues remain as to whether Bergen's alleged improper acts prior to the issuance of the 1990 order breached his attorney-client agreement with her, and whether he violated Georgia's Rules of Professional Conduct by charging an unreasonable fee for his services pursuant to the 1990 order. We disagree.

To the extent that Hook argues the trial court should have set aside the attorney fee provision of the 1990 order as invalid and unenforceable, her argument lacks merit. Under OCGA § 9-11-60 (d), a party may move to set aside a judgment, but such a motion must be based upon lack of jurisdiction, fraud, mistake, accident, improper acts of the other party, or a nonamendable defect on the face of the pleadings. A motion to set aside must be brought within three years

---

[3] Hook's appellate brief alternatively refers to a "continuing fee agreement/award," a "contingency fee contract," and an "attorney fee contract" between her and Bergen, and she claims that the trial court had continuing jurisdiction to modify or declare invalid an attorney fee *contract* if it later becomes unreasonable due to changing circumstances. Pretermitting whether this is true, it is undisputed that Hook and Bergen did not enter into an attorney fee contract after the 1990 order was issued. Therefore, the only attorney fee provision that is at issue in this case is the attorney fee award included in the 1990 order. Hook cites to no authority that authorizes a trial court to modify or declare invalid a prior court order in a manner other than that provided by the Georgia Code. Consequently, Hook's argument lacks merit.

of entry of the judgment, unless the motion is based upon lack of jurisdiction. OCGA § 9-11-60 (f). It is undisputed that Hook did not file a motion to vacate the 1990 order within three years, as required by OCGA § 9-11-60 (f), nor did she appeal the 1990 order. Therefore, her claims that the 1990 order is invalid because it is unreasonable, unlawful, ambiguous, or against public policy, or because it resulted from Bergen's fraud or other wrongful acts, are either unauthorized as a basis for setting aside the judgment under OCGA § 9-11-60 (d), or were raised outside of the three-year time limit of OCGA § 9-11-60 (f).

Further, all of Hook's contentions were raised prior to the court's issuance of the October 2005 order, in which it specifically ruled that Hook *had failed to timely raise any other basis for setting aside the orders under OCGA § 9-11-60.* As explained in Division 1, supra, the October 2005 order is a final judgment that is binding on Hook. Therefore, res judicata precludes Hook from re-litigating these challenges to the 1990 order.

As for Hook's breach of contract and fraud claims, both of the claims were based upon Bergen's alleged conduct before February 1990, when the 1990 order was issued. Therefore, even if the claims do not constitute an untimely challenge to the 1990 order under OCGA § 9-11-60 (d) and (f), the claims are barred by the applicable statutes of limitation. OCGA §§ 9-3-24 (six-year statute of limitation for breach of contract actions); 9-3-31 (four-year statute of limitation for fraud claims). Finally, the State Bar of Georgia rejected on the merits Hook's April 2004 complaint that Bergen had violated Georgia's Rules of Professional Conduct.

Therefore, the record shows that all of the issues raised by Hook's complaint have been conclusively resolved against her, are barred by res judicata, or are barred by the applicable statutes of limitation. Accordingly, we conclude that the court properly granted Bergen's motion for summary judgment and denied Hook's cross-motion for summary judgment.

### Case No. A07A0542

3. In his cross-appeal, Bergen contends the trial court erred in denying his motion to dismiss as untimely Hook's response in opposition to his motion for summary judgment and Hook's cross-motion for summary judgment. Given our decisions in Divisions 1 and 2, supra, this alleged error is moot.

*Judgments affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED JULY 3, 2007 — 

Alan S. Lowe, David S. Lipscomb, for appellant.
Franklin, Taulbee, Rushing, Snipes & Marsh, James B. Franklin, for appellee.