A11A0360. ROSS v. THE STATE.
(713 SE2d 438)

DILLARD, Judge.

After a bench trial before the Douglas County Superior Court, Matthew Ross III was found guilty of possession of cocaine, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony. We affirmed those convictions in *Ross v. State*,[1] and Ross now appeals the trial court's denial of his motion to enter a valid judgment of sentence. For the reasons set forth infra, we dismiss Ross's appeal.

On April 25, 2006, Ross moved pro se for the trial court to vacate and correct his sentence on the basis that it was void. Specifically, Ross argued that because the State allegedly proved his prior felony convictions to support his conviction on the charge of being a convicted felon in possession of a firearm, it could not then use those

[1] 255 Ga. App. 462 (566 SE2d 47) (2002).

same prior convictions to sentence him as a recidivist.[2] The trial court denied this motion on May 1, 2006, and according to Ross, he filed a timely notice of appeal from this order. However, because there was no evidence in the record that Ross filed a timely notice of appeal, this Court found that it had no jurisdiction, and, in an October 20, 2009 order (Case No. A09A2044), we granted the State's motion to dismiss the appeal.[3]

On February 26, 2010, Ross filed a "Motion to Enter Valid Judgement [sic] of Conviction and Sentence" with the trial court, in which he, once again, argued that his sentence was void. Finding that this motion was "substantially the same motion" that Ross filed in April 2006 (from which he failed to timely appeal), the trial court denied it. Thereafter, Ross filed a timely notice of appeal, which the State has moved to dismiss.

In its motion to dismiss, the State argues that because Ross raised this same issue in his earlier appeal, which was dismissed by this Court because it was untimely filed, Ross's claim is barred under the doctrine of res judicata. We agree that this Court is constrained to dismiss Ross's appeal, but we do so under the law-of-the-case rule.

It is well established that "[a]ny issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court,"[4] and that "[t]he law of the case doctrine is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases."[5] And here, Ross's current appeal involves the exact same subject matter as his previous appeal, which we dismissed for being untimely filed. In this respect, it matters not that the dismissal of Ross's previous appeal did not reach the merits of Ross's claim because the dismissal, nevertheless, constitutes binding law of the case.[6]

---

[2] *See* OCGA § 17-10-7 (c); *see generally State v. Freeman*, 198 Ga. App. 553, 555 (2) (402 SE2d 529) (1991). While we do not reach the merits of Ross's argument on appeal, it is worth noting that our Supreme Court's recent decision in *State v. Slaughter*, 289 Ga. 344 (711 SE2d 651) (2011) appears to foreclose such an argument. *Id.* at 345 (holding that "the state can use the prior felony conviction required to convict a convicted felon for being in possession of a firearm, and then use the same prior conviction to enhance the sentence to the maximum punishment for the offense under [OCGA § 17-10-7 (c)]").

[3] *See* OCGA § 5-6-38 (a); *see also Simmons v. State*, 228 Ga. App. 470, 470 (491 SE2d 908) (1997) ("Timely filing of a notice of appeal is necessary to confer jurisdiction upon an appellate court").

[4] *Perez v. State*, 263 Ga. App. 411, 412 (588 SE2d 269) (2003) (citation and punctuation omitted); *see* OCGA § 9-11-60 (h) (providing, *inter alia*, that "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be").

[5] *Perez*, 263 Ga. App. at 412 (citation and punctuation omitted); *see also Moon v. State*, 287 Ga. 304, 309 (696 SE2d 55) (2010) (same); *Roulain v. Martin*, 266 Ga. 353, 354 (466 SE2d 837) (1996) (same).

[6] *Cf. Howard v. State*, 289 Ga. 207 (710 SE2d 761) (2011) (holding that because

And while our Supreme Court has carved out an exception to the law-of-the-case rule "when the evidentiary posture of the case changes such that the original evidence submitted is found to be insufficient, and the deficient evidence is later supplemented,"[7] it is inapplicable here because the evidentiary posture of the case sub judice has not changed from that presented in the prior proceeding.

Finally, while Ross is correct in noting that a void sentence is a mere nullity and may be vacated at any time in any court where it becomes material to the interest of the parties to consider it,[8] this important legal principle is, nevertheless, subject to the equally well established principles of res judicata and the law-of-the-case rule once the issue has been raised and ruled upon. Ross is not entitled to multiple bites at the apple. He was given an opportunity to challenge the legality of his sentence in April 2006, and then to appeal the trial court's rejection of his argument. Ross failed to appeal that decision in a timely manner, and he is now bound by same.[9]

For all of the foregoing reasons, we are precluded from revisiting the issue presented by this appeal,[10] and Ross's appeal is hereby dismissed.

*Appeal dismissed. Smith, P. J., and Mikell, J., concur.*

DECIDED JUNE 29, 2011.

Matthew Ross, *pro se.*
*David McDade, District Attorney, James A. Dooley, Assistant District Attorney*, for appellee.

---

defendant's current appeal raised the same issue as a previous appeal that was dismissed as untimely, party's current appeal was barred under the doctrine of res judicata); *Norris v. Norris*, 281 Ga. 566, 567-68 (2) (642 SE2d 34) (2007) (same); *Mitchell v. Oliver*, 254 Ga. 112, 114 (1) (327 SE2d 216) (1985) (same). Although the Supreme Court dismissed those appeals under the doctrine of res judicata as opposed to the law of the case, *see State v. Mizell*, 288 Ga. 474, 478 (3) (705 SE2d 154) (2011), the reasoning employed by the Supreme Court in those two opinions supports our holding in the case *sub judice*.

[7] *Moon*, 287 Ga. at 309 (citation and punctuation omitted).

[8] *Coleman v. State*, 305 Ga. App. 680, 680 (700 SE2d 668) (2010).

[9] *See* n. 6; *cf. Jordan v. State*, 253 Ga. App. 510, 511 (559 SE2d 528) (2002) (holding that once a motion to vacate a void sentence has been raised and considered that decision is res judicata); *Day v. State*, 242 Ga. App. 899, 899 (531 SE2d 781) (2000) (same).

[10] *See, e.g., Perez*, 263 Ga. App. at 412; *see also Houston County v. Harrell*, 287 Ga. 162, 163 (695 SE2d 29) (2010) ("[A] party is not entitled to a second appeal from a single order." (citation omitted)).