# Court of Appeals
# of the State of Georgia

ATLANTA,___May 13, 2016_____

*The Court of Appeals hereby passes the following order:*

**A16D0355. MICHAEL PARTEE v. THE STATE.**

In 1996, Michael Partee pled guilty to two counts of possession of cocaine with intent to sell. In 2010, Partee filed a "Motion to Correct Illegal Sentence/Judgment," which was denied by the trial court. Partee filed a direct appeal, which this Court dismissed because he did not raise a valid void sentence claim. See Case No. A12A0085 (order issued September 13, 2011).

On October 14, 2015, Partee filed a "Motion to Correct and Clarify Conviction." The trial court denied his motion, noting therein that Partee requested the court to review, correct, and clarify his sentence. Partee then filed a notice of appeal in the Georgia Supreme Court seeking to appeal the trial court's order. The Supreme Court, treating the appeal as a discretionary application, transferred the case to this Court.

Partee has not provided this Court the "Motion to Correct and Clarify Conviction." However, the trial court noted in its order that the motion was similar to the motion denied in 2010. "It is axiomatic that the same issue cannot be relitigated *ad infinitum*. The same is true of appeals of the same issue on the same grounds." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000); see also *Jordan v. State*, 253 Ga. App. 510, 511 (2) (559 SE2d 528) (2002). Our ruling in the prior appeal is res judicata. See *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007). Thus, Partee is estopped from seeking further judicial review on this issues. See id; see also *Ross v. State*, 310 Ga. App. 326, 328 (713 SE2d 438) (2011) (law of the case rule bars successive void sentence appeals). Accordingly, this application for discretionary review is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* 05/13/2016

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*