# Court of Appeals
# of the State of Georgia

ATLANTA,___ August 19, 2016___

*The Court of Appeals hereby passes the following order:*

**A17D0002.  MICHAEL PARTEE v. THE STATE.**

In 1996, Michael Partee pled guilty to two counts of possession of cocaine with intent to sell.  In 2010, the trial court denied Partee's "Motion to Correct Illegal Sentence/Judgment," from which Partee filed an appeal.  This Court dismissed Partee's appeal because he did not raise a valid void sentence claim.  See *Partee v. State*, Case No. A12A0085 (decided September 13, 2011).  In 2015, the trial court denied Partee's "Motion to Correct and Clarify Conviction," in which he requested the final disposition to be clarified by adding the proper "GA codes" because his Georgia Crime Information Center report conflicted with his convictions.[1]  Partee filed an application for discretionary appeal, which this Court dismissed on res judicata grounds in that he raised the same issue in his previous appeal.[2]  See *Partee v. State*, Case No. A16D0355 (decided May 13, 2016).  Thereafter, Partee, who concedes that his sentence is correct, asked the trial court to reconsider its denial of his motion to correct and clarify the conviction.  The trial court denied the motion to reconsider, finding how the Georgia Crime Information Center reports convictions was "not properly before the court."  Partee then filed this application for

---

[1] The judgment of convictions shows Partee pled guilty to two counts of violating the Georgia Controlled Substance Act.  The Bill of Indictment shows Partee was charged with possessing and selling cocaine.  The Georgia Crime Information Center record indicates that Partee was adjudicated guilty of "sale of controlled substances and dangerous drugs without approval of FDA."

[2] Partee filed a motion for reconsideration of this Court's dismissal order, which was denied on June 8, 2016.

discretionary appeal from that order.

"It is axiomatic that the same issue cannot be relitigated *ad infinitum*. The same is true of appeals of the same issue on the same grounds." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000); see also *Jordan v. State*, 253 Ga. App. 510, 511 (2) (559 SE2d 528) (2002). Our rulings in the prior appeals are res judicata. *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007). Thus, Partee is estopped from seeking further judicial review on this issue. See id; see also *Ross v. State*, 310 Ga. App. 326, 328 (713 SE2d 438) (2011). Accordingly, this application for discretionary appeal is hereby DISMISSED.

Given that Partee has filed several prior matters in this Court seeking to address the same issue, this application for discretionary appeal is frivolous. This Court is empowered to impose sanctions upon a party who files a frivolous appeal. See Court of Appeals Rule 15 (b). We thus caution Partee against filing future frivolous matters in this Court as such will result in the imposition of sanctions.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* 08/19/2016

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*