# Court of Appeals
# of the State of Georgia

ATLANTA,__October 27, 2016____

*The Court of Appeals hereby passes the following order:*

**A17A0361.  OTHA DAVID RUTLEDGE, JR. v. THE STATE.**

In 2007, Otha David Rutledge, Jr. pled guilty to possession of cocaine. He was sentenced as a recidivist to 30 years' imprisonment.  In December 2015, Rutledge filed an "Extraordinary Motion for Reduction or Modification of Sentence," which the trial court denied. Rutledge appealed, asserting that the statute he was sentenced under was later amended, and would reduce his sentence. We dismissed the appeal for lack of jurisdiction because Rutledge's motion did not raise a colorable void-sentence argument. See Case No. A16A1376 (dismissed May 6, 2016).  In this case, Rutledge appeals from the trial court's denial of his motion for modification of sentence, in which he raises the same issue.  Again, we lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal of a conviction, whichever is later.  See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, a trial court may modify only a void sentence. Id. A direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void.  Id.  A sentence is void only if it imposes punishment that the law does not allow.  *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

"It is axiomatic that the same issue cannot be relitigated *ad infinitum*.  The same is true of appeals of the same issue on the same grounds." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000); see also *Jordan v. State*, 253 Ga. App. 510, 511 (2) (559 SE2d 528) (2002). Our ruling in the prior case acts as res judicata.

See *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007). Thus, Rutledge is estopped from seeking further judicial review on the validity of his sentence. See id.; see also *Ross v. State*, 310 Ga. App. 326, 328 (713 SE2d 438) (2011) (law of the case rules bar successive void sentence appeals). See id.; *Harper*, supra, 286 Ga. at 218 (2). Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* _____10/27/2016_____
   *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*