# Court of Appeals
# of the State of Georgia

ATLANTA,  October 27, 2016

*The Court of Appeals hereby passes the following order:*

**A17A0377.  MICHAEL PARTEE v. THE STATE.**

On July 18, 2016, the trial court denied Michael Partee's motion to reconsider its order denying Partee's motion to correct and clarify his conviction.  Partee filed his notice of appeal on August 19, 2016.  We lack jurisdiction for several reasons.

First, the denial of a motion for reconsideration is not directly appealable.  *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000).

Second, Partee's appeal is barred by res judicata.  In 2010, the trial court denied Partee's "Motion to Correct Illegal Sentence/Judgment," from which Partee filed an appeal.  This Court dismissed Partee's appeal because he did not raise a valid void sentence claim.  See *Partee v. State*, Case No. A12A0085 (decided September 13, 2011).  In 2015, the trial court denied Partee's "Motion to Correct and Clarify Conviction," in which he requested the final disposition to be clarified by adding the proper "GA codes" because his Georgia Crime Information Center report conflicted with his convictions.  Partee filed an application for discretionary appeal, which this Court dismissed on res judicata grounds in that he raised the same issue in his previous appeal.  See Case No. A16D0355 (decided May 13, 2016).  Partee raised the same issue in the instant case in his motion for reconsideration.

"It is axiomatic that the same issue cannot be relitigated *ad infinitum*.  The same is true of appeals of the same issue on the same grounds."  *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000); see also *Jordan v. State*, 253 Ga. App. 510, 511 (2) (559 SE2d 528) (2002).  Our rulings in the prior appeals are res judicata. *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007).  Thus, Partee is estopped from seeking further judicial review on this issue. See id; see also *Ross v.*

*State*, 310 Ga. App. 326, 328 (713 SE2d 438) (2011).

Finally, Partee's notice of appeal is untimely, as it was filed 32 days after entry of the order he seeks to appeal. A notice of appeal must be filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. See *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012). Accordingly, for all of the reasons herein stated, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,*____10/27/2016____
     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*