# Court of Appeals
# of the State of Georgia

ATLANTA,  January 26, 2017

*The Court of Appeals hereby passes the following order:*

**A17A0876. TRAVIS JOHNSON v. THE STATE.**

In 2010, Travis Johnson pled guilty to armed robbery, robbery, and possession of a firearm during the commission of a crime. The trial court imposed a 20-year sentence on the conviction for armed robbery, a consecutive 20-year sentence on the conviction for robbery, and a consecutive 5-year sentence on the conviction for possession of a firearm during the commission of a crime. Several years later, Johnson filed a motion to correct a void sentence, which the trial court denied on July 18, 2016. Johnson appealed from that order, but we dismissed his appeal because it was untimely and did not raise a valid void-sentence claim. *Johnson v. State*, Case No. A17A0279 (dismissed October 4, 2016).

In September 2016, Johnson filed another motion to vacate or correct a void sentence, which the trial court denied on October 18, 2016. He appealed that decision, and we again dismissed his appeal because he failed to raise a valid void sentence claim. *Johnson v. State*, Case No. A17A0601 (dismissed November 30, 2016). Before us now is yet another direct appeal from the trial court's October 18, 2016 order. We lack jurisdiction for two reasons.

First, a notice of appeal must be filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). Because Johnson's November 21, 2016 notice of appeal was filed 34 days after the trial court's October 18, 2016 order, his appeal is untimely.

Second, as we stated in our order dismissing Case No. A17A0601, Johnson's motion to vacate or correct a void sentence did not raise a valid void sentence claim. "It is axiomatic that the same issue cannot be relitigated ad infinitum. The same is true of appeals of the same issue on the same grounds." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000); see also *Jordan v. State*, 253 Ga. App. 510, 511 (2) (559 SE2d 528) (2002). Our ruling in the prior case acts as res judicata. See *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007). Thus, Johnson is estopped from seeking further judicial review on the validity of his sentence. See id.; see also *Ross v. State*, 310 Ga. App. 326, 328 (713 SE2d 438) (2011) (law of the case rules bar successive void sentence appeals). Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,  01/26/2017*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*