# Court of Appeals
# of the State of Georgia

ATLANTA,  October 19, 2017

*The Court of Appeals hereby passes the following order:*

**A18D0126.   CAROL SUE ROBERSON v. SAM OLENS ATTORNEY GENERAL OF GEORGIA DEPARTMENT OF LAW.**

On May 2, 2017, the trial court denied Carol Sue Roberson's request to proceed in forma pauperis on a mandamus petition.  On May 30, 2017, Roberson filed an application for discretionary review, seeking to appeal the May 2 order.  We denied Roberson's application in June 2017.  See *Carol Sue Roberson v. Sam Olens Attorney General of Georgia Department of Law*, No. A17D0490 (June 22, 2017).  On September 21, 2017, Roberson filed the instant application for discretionary review, again seeking to appeal the May 2 order.[1]  We lack jurisdiction.

An application for discretionary review must be filed within 30 days of entry of the order or judgment to be appealed.  OCGA § 5-6-35 (d).  The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith.  *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989).  Roberson's application was untimely filed 142 days after entry of

---

[1] Because she is incarcerated, Roberson's appeal is controlled by the Prison Litigation Reform Act of 1996, OCGA § 42-12-1 et seq.  Under OCGA § 42-12-8, "[a]ppeals of all actions filed by prisoners shall be as provided in Code Section 5-6-35," the discretionary appeal statute.

the order she seeks to appeal.  Accordingly, this application is hereby DISMISSED for lack of jurisdiction.[2]



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  10/19/2017*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[2] Even if this application had been timely filed, Roberson's challenge to the denial of her request to proceed in forma pauperis is barred by res judicata because we rejected the same claim in her prior application.  See *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007) ("[T]he denial of an application for discretionary appeal is an adjudication on the merits of the underlying order and acts as res judicata in subsequent proceedings.").