# Court of Appeals
# of the State of Georgia

ATLANTA,  October 03, 2018

*The Court of Appeals hereby passes the following order:*

## A19A0402.  EDDIE LEE COTTON v. SHELTON BRADLEY.

This is Eddie Lee Cotton's third appearance in this Court on this case.  After the trial court entered a verdict against him in his suit against Shelton Bradley, Cotton appealed the trial court's judgment.  This Court affirmed the judgment of the trial court in an unpublished opinion. See *Cotton v. Bradley*, Case No. A15A1450 (decided July 10, 2015). Cotton thereafter filed a "Motion to Set Aside Judgment and Motion for New Trial," challenging the trial court's verdict, and the trial court denied the motion.  Cotton filed an appeal from that order as well.

In the second appeal, which we dismissed, see Case No. A16A1690 (dismissed May 19, 2016), we noted our rejection of the same arguments from the first appeal that Cotton raised in the motion filed in connection with his second appeal.  We explained that "[i]t is axiomatic that the same issue cannot be relitigated *ad infinitum*. The same is true of appeals of the same issue on the same grounds. Our determination in the earlier appeal is *res judicata*; the instant appeal is therefore barred, and we are without jurisdiction to review this same matter for a second time." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) (footnote omitted).  Accordingly, we concluded that Cotton was estopped from seeking further judicial review on these issues. See *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007).

In the instant appeal, the trial court denied Cotton's motion to set aside, in which he once again sought to challenge the verdict against him, his motion for recusal, and his motion for enjoinment.  Our ruling in Cotton's second appeal applies with equal force here.  That adjudication is binding as the law of the case, and the doctrine of res judicata bars further appeal. See *Northwest Social & Civic Club v.*

*Franklin*, 276 Ga. 859, 860 (583 SE2d 858) (2003); *Hook*, supra.

Regarding the trial court's denial of the motions to recuse and for enjoinment, our decision affirming the judgment of the trial court served as a final adjudication of this matter. See OCGA § 9-11-60 (h); *Aetna Cas. & Surety Co. v. Bullington*, 227 Ga. 485, 485-486 (2) (181 SE2d 495) (1971). The dispute, therefore, was over well before the trial court ruled on either motion. Nothing remains to be resolved, and review of the trial court's rulings would have no practical effect at this point. Accordingly, any challenge to the denial of the recusal and enjoinment motions is moot.

Accordingly, this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  10/03/2018
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.



_____ , Clerk.