# Court of Appeals
# of the State of Georgia

ATLANTA,  February 27, 2019

*The Court of Appeals hereby passes the following order:*

**A19D0337.  CHAD BRYANT v. HOLLY BRYANT.**

The trial court entered a final judgment and decree of divorce in March 2018 ending Chad and Holly Bryant's marriage.  Thereafter, Chad Bryant filed a motion to set aside the divorce decree, which the trial court denied.  Chad Bryant filed an application for discretionary appeal seeking review of the order, which we denied. See *Bryant v. Bryant*, Case No. A18D0542 (decided August 6, 2018).  Chad Bryant then filed a "Special Motion to Vacate-Dismiss," which was essentially a second motion to set aside the divorce decree under OCGA § 9-11-60.  The trial court denied the motion on January 8, 2019, and Chad Bryant filed his application for discretionary review on February 8, 2019.  We, however, lack jurisdiction.

To be timely, an application for discretionary appeal must be filed within 30 days of the entry of the order or judgment to be appealed.  See OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith.  See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989).  Because Chad Bryant did not file his application for discretionary appeal until 31 days after the entry of the order he seeks to appeal, his application is untimely.

Moreover, "[i]t is axiomatic that the same issue cannot be relitigated *ad infinitum*.  The same is true of appeals of the same issue on the same grounds." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000).  Because we rejected Chad Bryant's grounds to set aside the divorce decree in his prior application in Case No. A18D0542, his current application arguing the same grounds is barred by law of the case.  See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("[A]ny

issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court . . . .") (punctuation omitted); accord *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007) ("[T]he denial of an application for discretionary appeal is an adjudication on the merits of the underlying order and acts as res judicata in subsequent proceedings."); *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a defendant "is not entitled to another bite at the apple by way of a second appeal").

For these reasons, Chad Bryant's application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*   02/27/2019
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*