# Court of Appeals
# of the State of Georgia

ATLANTA,  June 21, 2022

*The Court of Appeals hereby passes the following order:*

## A22A1513. EDWARD TYRONE RIDLEY v. TARA HAYSLIP, et al.

Edward Tyrone Ridley seeks to appeal an order of the trial court denying Ridley's motion to reopen a previously dismissed case and add an additional defendant. We lack jurisdiction.

In December 2021, Ridley filed a pro se petition for a writ of mandamus in Washington County Superior Court naming a number of defendants, all of whom were associated with the court systems in Cobb and Crisp Counties and/or with the state prison system. The trial court dismissed that petition, finding that venue was improper because none of the named defendants resided in Washington County. See OCGA § 9-10-30 ("[a]ll actions seeking equitable relief shall be filed in the county of the residence of one of the defendants against whom substantial relief is prayed"). Ridley thereafter filed a motion to reopen the case to add Karl Fort, the warden of the facility where Ridley is incarcerated and a resident of Washington County, as a party defendant. The trial court dismissed that motion, and Ridley then filed both an application for a discretionary appeal and this direct appeal from the trial court's order. We denied the discretionary application. See Case No. A22D0300 (April 11, 2022).

Our denial of Ridley's discretionary application bars further appellate review of the order at issue. See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("[A]ny issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court . . . .") (punctuation omitted); *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007) ("[T]he denial of an application for discretionary appeal is an adjudication on the merits of the underlying order and acts

as res judicata in subsequent proceedings."); see also *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal"). Accordingly, this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,___06/21/2022_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.