# Court of Appeals
# of the State of Georgia

ATLANTA,  September 14, 2022

*The Court of Appeals hereby passes the following order:*

**A23A0246. CHARLES GILES v. THE STATE.**

Following a jury trial, Charles Giles was convicted of multiple counts of burglary and related crimes. This Court subsequently affirmed Giles's convictions in an unpublished opinion. *Giles v. State*, Case No. A19A0526 (June 27, 2019). In doing so, we unequivocally rejected Giles's argument that a typographical error as to the date of the crime charged in count 4 of the indictment rendered that count void. Id. at (2). Two years after we affirmed his convictions, Giles filed a "Motion to Vacate Void Judgment of Conviction," asserting that the typographical error contained in count 4 of the indictment meant that the trial court lacked subject matter jurisdiction over that count. The trial court dismissed Giles's motion on November 4, 2021, and Giles filed a notice of appeal on December 13, 2021.[1] The State then moved to dismiss the appeal and, for reasons explained below, we grant that motion.

First, Giles's appeal is untimely. A notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38 (a). "Compliance with this statutory deadline for filing a notice of appeal is an 'absolute requirement' to confer jurisdiction on an appellate court." *Collier v. State*, 307 Ga. 363, 371 (2) (834 SE2d 769) (2019) (citation omitted). Here, however, Giles filed his notice of appeal 38 days after entry of the trial court's order denying his motion. Accordingly, we are without jurisdiction to consider Giles's appeal.

Furthermore, Giles challenged the validity of count 4 of the indictment in his

---

[1] Giles directed his notice of appeal to the Supreme Court of Georgia, which transferred the case to this Court.

direct appeal from his convictions, and we found that challenge to be without merit. Accordingly, Giles is barred from attempting to challenge his conviction on count 4 a second time. See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("[A]ny issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court . . . .") (punctuation omitted); see also *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal").

For each of the foregoing reasons, the State's motion to dismiss this appeal is hereby GRANTED, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__09/14/2022_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*