# Court of Appeals
# of the State of Georgia

ATLANTA,  February 27, 2023

*The Court of Appeals hereby passes the following order:*

**A23A0816. JOHNNY EUGENE HOLTON v. THE STATE.**

Johnny Eugene Holton was charged with one count each of aggravated sodomy and aggravated child molestation, and he entered a negotiated plea to two counts of child molestation as lesser-included offenses of the original charges. After Holton moved to vacate his sentence as void, the trial court resentenced Holton to 20 years with 15 to serve on Count 1, and 20 years with five to serve on Count 2. The prison term of Count 2 was to run consecutively to that of Count 1, and the probation of Count 1 was to run concurrently with the prison term of Count 2, for a total of 20 years to serve followed by 15 years of probation.

Holton appealed his new sentence, arguing that OCGA § 17-10-6.2 (b) authorized only a five-year prison sentence for Count 1, and that he should not have been resentenced on Count 2 because his original sentence was not void. We affirmed his new sentences on appeal in an unpublished opinion. See Case No. A21A1223 (Jan. 5, 2022). Holton subsequently filed a new motion to vacate void sentence, arguing again that he could only be sentenced to a five-year prison sentence for Count 1. The trial court denied the motion. Holton filed this direct appeal. We lack jurisdiction.

"It is well established that any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court[.]" *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) (punctuation and footnote omitted). We have already considered the validity of Holton's sentence in a prior appeal. Holton "is not entitled to multiple bites at the apple." Id. at 328; see also *Paradise v. State*, 321 Ga. App. 371, 373 (740 SE2d 238) (2013) ("Although a void sentence may be challenged

at any time, this important legal principle is, nevertheless, subject to the equally well established principles of res judicata and the law-of-the-case rule once the issue has been raised and ruled upon.") (citation and punctuation omitted); *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) (the same issue cannot be relitigated ad infinitum; our determination in an earlier appeal is res judicata). Accordingly, this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__02/27/2023_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.