# Court of Appeals
# of the State of Georgia

ATLANTA,  March 22, 2023

*The Court of Appeals hereby passes the following order:*

**A23A0845. THERIAN WIMBUSH v. THE STATE.**
**A23A0846. THERIAN WIMBUSH v. THE STATE.**

In 2017, Therian Wimbush was found guilty of three counts of child cruelty, and this Court confirmed the convictions. See *Wimbush v. State*, 345 Ga. App. 54 (812 SE2d 489) (2018) ("*Wimbush I*"). Later, in May 2022, Wimbush filed motions in arrest of judgment wherein she challenged the 2017 convictions and a 2017 nolle prosequi order entered on an earlier indictment.[1] The trial court denied the motions in arrest of judgment in May 2022 and June 2022, and Wimbush filed an appeal in each of the cases. See Case Nos. A22A1622 and A22A1712 (consolidated on appeal) ("*Wimbush II*"). In *Wimbush II*, this Court determined that Wimbush's motions in arrest of judgment lacked merit and that, in any event, the trial court should have dismissed the motions because they were untimely. Id. at (2) (Dec. 12, 2022). We thus vacated the trial court's order denying Wimbush's motions, and remanded the cases for the trial court to enter an order dismissing the motions. Id. On December 21, 2022, the trial court entered an order dismissing the motions.

In January 2023, Wimbush filed notices of appeal in each of the two cases, challenging the trial court's December 21, 2022 order dismissing the motions in arrest of judgment. We have consolidated the two cases for the purposes of appeal. The State has filed motions to dismiss the appeals.

---

[1] Underlying these appeals are two indictments: Lower Court Docket No. 14-B-03660-3 (nolle prosequi order), now on appeal in Case No. A23A0845; and Docket No. 16-B-04000-3 (convictions), now on appeal in Case No. A23A0846.

It is well established that "[a]ny issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court." *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011). Wimbush's current appeals involve the exact same subject matter as her appeals in *Wimbush II*. We determined in *Wimbush II* that the motions lacked merit and, further, that they should have been dismissed by the trial court as untimely; and we previously reviewed and affirmed her convictions in *Wimbush I*. Notably, the evidentiary posture of the instant cases did not change in the trial court after this Court's ruling regarding the motions in arrest of judgment. Accordingly, Wimbush is barred from seeking review of the trial court's order dismissing the motions. See *Rice v. State*, 354 Ga. App. 103, 107-108 (840 SE2d 508) (2020); *Ross*, 310 Ga. App. at 327-328; *Perez v. State*, 263 Ga. App. 411, 412 (588 SE2d 269) (2003). "It is axiomatic that the same issue cannot be relitigated *ad infinitum*." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000).

Accordingly, the State's motions to dismiss are GRANTED and these appeals are hereby DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,__03/22/2023_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.