# Court of Appeals
# of the State of Georgia

ATLANTA,  January 11, 2024

*The Court of Appeals hereby passes the following order:*

## A24A0646. JOHNNY EUGENE HOLTON v. THE STATE.

Johnny Eugene Holton was charged with one count each of aggravated sodomy and aggravated child molestation, and he entered a negotiated plea to two counts of child molestation as lesser-included offenses of the original charges. After Holton moved to vacate his sentence as void, the trial court resentenced Holton to 20 years with 15 to serve on Count 1, and 20 years with five to serve on Count 2. The prison term of Count 2 was to run consecutively to that of Count 1, and the probation of Count 1 was to run concurrently with the prison term of Count 2, for a total of 20 years to serve followed by 15 years of probation.

Holton appealed his new sentence, and we affirmed his new sentences on appeal in an unpublished opinion. See Case No. A21A1223 (Jan. 5, 2022). Holton subsequently filed a new motion to vacate void sentence, which the trial court denied, and we dismissed his appeal as barred by law of the case. See Case No. A23A0816 (Feb. 27, 2023). Holton then filed a motion for merger, claiming his two counts of child molestation should have been merged, which the trial court denied. We dismissed his direct appeal from that order on the ground that he was not authorized to collaterally attack his convictions. See Case No. A24A0255 (Sept. 28, 2023).

In the instant appeal, Holton appeals from the denial of his motion to vacate void sentence and motion requesting data regarding the motion to vacate. As we instructed Holton in his previous appeal, "[i]t is well established that any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court[.]" *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) (punctuation and footnote omitted). We have already considered the validity of

Holton's sentence in a prior appeal. Holton "is not entitled to multiple bites at the apple." Id. at 328; see also *Paradise v. State*, 321 Ga. App. 371, 373 (740 SE2d 238) (2013) ("Although a void sentence may be challenged at any time, this important legal principle is, nevertheless, subject to the equally well established principles of res judicata and the law-of-the-case rule once the issue has been raised and ruled upon.") (citation and punctuation omitted); *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) (the same issue cannot be relitigated ad infinitum; our determination in an earlier appeal is res judicata). Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,* __01/11/2024__

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*