# Court of Appeals
# of the State of Georgia

ATLANTA,  February 29, 2024

*The Court of Appeals hereby passes the following order:*

**A24D0249. GIRISH MODI v. INDIA-AMERICAN CULTURAL ASSOCIATION (IACA).**

In his fifth appearance before this Court in his case against the India-American Cultural Association ("IACA"), Girish Modi, proceeding pro se, filed this application for discretionary appeal seeking to appeal the trial court's May 2022 order staying the proceedings and issuing a bill of peace.

In July 2022, the trial court granted summary judgment to IACA, dismissed Modi's complaint, and awarded attorney fees to IACA. Modi appealed, and this Court affirmed the dismissal of Modi's complaint and the grant of summary judgment to IACA, but remanded the portion of the case involving the attorney fee award for the court to enter a stay until Modi's bankruptcy proceedings concluded. See *Modi v. India-American Cultural Assn.,* 367 Ga. App. 572 (886 SE2d 378) (2023). Later in 2023, Modi again appealed the attorney fee award; this Court affirmed the judgment in part, but vacated and remanded the case for the court to undertake the appropriate factfinding. See *Modi v. India-American Cultural Assn.*, ___ Ga. App. ___ (___ SE2d ___) (Case No. A23A1569, decided Jan. 10, 2024), petition for cert. filed, Case No. S24C0604 (Jan. 30, 2024).

Modi then filed this application in February 2024, seeking to appeal the trial court's May 2022 order, which entered the bill of peace and granted IACA's motion to stay. We lack jurisdiction for the following two reasons.

First, to be timely, a discretionary application must be filed within 30 days of the entry of the order, decision, or judgment to be appealed. See OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582, 583 (420 SE2d 393) (1992). This statutory deadline

is jurisdictional. See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). The order Modi seeks to appeal was filed more than 21 months before he filed this application. The deadline for appealing this order was not delayed by his previous appeals, nor, as he contends, by the filing of a motion for reconsideration in his previous appeal. See generally *Wright v. Wright*, 367 Ga. App. 15, 17, n.2 (884 SE2d 610) (2023).

Second, the law of the case doctrine bars Modi from appellate review of the May 2022 order. "It is well established that any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court[.]" *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) (punctuation and footnote omitted). The order Modi seeks to appeal had issued when he appealed the July 2022 dismissal; in fact, he previously argued to this Court that the trial court erred in issuing the bill of peace. "It is axiomatic that the same issue cannot be relitigated ad infinitum." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000).

Accordingly, we lack jurisdiction to rule on this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*__02/29/2024_____

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*