# Court of Appeals
# of the State of Georgia

ATLANTA,  November 12, 2024

*The Court of Appeals hereby passes the following order:*

**A25A0622. ROBERT JAY DAVIS v. THE STATE.**

In 2011, Robert Jay Davis pleaded guilty to aggravated stalking and escape. As part of the final disposition in that case, he was "permanently restrained and enjoined from having any contact" with the victim. *See* OCGA §§ 16-5-91 (b); 16-5-90 (d). Since that time, Davis, proceeding pro se, has filed numerous unsuccessful appeals and applications challenging the propriety of the 2011 restraining order.[1] In 2014, after he violated the permanent restraining order while he was incarcerated, Davis was again convicted of aggravated stalking. This Court affirmed his conviction on appeal in an unpublished opinion; notably, we rejected Davis's argument that the indictment should have been quashed because there was no valid permanent restraining order entered on his 2011 sentence. *See* Case No. A15A0305 (July 10, 2015). Undeterred, Davis filed another motion to vacate his 2011 sentence, challenging the propriety of

---

[1] *See* Case Nos. A18A0838 (dismissed April 6, 2018);A18A0237 (dismissed December 4, 2017); A16A0263 (dismissed October 30, 2015); A16D0057 (denied October 19, 2015); A15A2297 (dismissed September 28, 2015); A15D0515 (dismissed August 17, 2015)(finding Davis's application was frivolous and cautioning sanctions for future frivolous matters); A15A1670 (dismissed May 19, 2015) (dismissing on res judicata grounds); A15D0345 (denied April 24, 2015); A14A2326 (February 5, 2015) (finding that the trial court entered a permanent restraining order).

the restraining order, which the trial court dismissed. Davis filed a direct appeal to challenge the trial court's order. We, however, lack jurisdiction.

Davis has already raised numerous unsuccessful and frivolous challenges to the permanent restraining order. "It is axiomatic that the same issue cannot be relitigated ad infinitum. The same is true of appeals of the same issue on the same grounds." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000). Thus, Davis is estopped from seeking further judicial review on the validity of the permanent restraining order. *See Ross v. State*, 310 Ga. App. 326, 328 (713 SE2d 438) (2011) (holding that the law-of-the case rule bars multiple void-sentence claims once the sentence has been affirmed); *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007) (noting that when an appellate court has upheld a trial court order, the doctrine of res judicata prohibits further challenges to the same order).

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,    11/12/2024*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*