# Court of Appeals
# of the State of Georgia

ATLANTA,  June 02, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1781. CYNTHIA LEE HONHOLT v. THE STATE.

In 2015, Cynthia Lee Honholt pleaded guilty to identity fraud and three counts of forgery in the first degree and was sentenced to 15 years, with the first five to be served in incarceration and the balance on probation. In 2019, Honholt was paroled from prison and in 2024, the State petitioned to modify or revoke Honholt's probation on the grounds she committed new fraud related offenses in Forsyth, Gwinnett, DeKalb, and Fulton Counties; failed to report her new arrests as required as a special condition of her probation; absconded and falsified records to indicate she was in hospice care; and failed to pay fines and fees as ordered. Honholt waived her probation revocation hearing, and stipulated that the State could demonstrate the probation violations alleged in the petition. The trial court subsequently revoked the balance of Honholt's probation, and she then filed an application for discretionary appeal arguing, inter alia, that she had received ineffective assistance of counsel in connection with the revocation hearing. This Court denied Honholt's application on the merits. See *Honholt v. State*, Case No. A25D0139 (Dec. 11, 2024). On December 20, 2024, Honholt filed a pro se motion seeking to withdraw her stipulation at the probation revocation hearing, and again asserted that this stipulation resulted from ineffective assistance of counsel. The trial court denied that motion, and Honholt then filed this direct appeal. We lack jurisdiction.

Our denial of Honholt's application in Case No. A25D0139 means the current appeal is barred by the law of the case. See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("[A]ny issue that was raised and resolved in an earlier appeal is the

law of the case and is binding on this Court . . . .") (citation and punctuation omitted); accord *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007) (a ruling on an application for discretionary appeal acts as res judicata in later proceedings); see also *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal"). Accordingly, this direct appeal is hereby DISMISSED for lack of jurisdiction.



Court of Appeals of the State of Georgia
  Clerk's Office, Atlanta,__06/02/2025_____

        I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

        Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.