# Court of Appeals
# of the State of Georgia

ATLANTA,  February 05, 2026

*The Court of Appeals hereby passes the following order:*

## A26A1241. DWAYNE MIGEL DOTSON v. THE STATE.

In 2021, Dwayne Dotson entered a negotiated plea of guilty to armed robbery. In December 2025, he filed a "Motion to Vacate Void Conviction and Sentence," arguing that his indictment was defective. The trial court dismissed the motion, and Dotson filed an application for discretionary appeal. We dismissed the application because, regardless of nomenclature, Dotson's motion sought to challenge the validity of his conviction, but a petition to vacate a judgment of conviction is not an appropriate remedy in a criminal case. See Case No. A26D0279 (Jan. 13, 2026). Dotson also filed a notice of appeal from the same trial court order, resulting in the docketing of this direct appeal.

Our dismissal of Dotson's application in Case No. A26D0279 renders the current appeal barred by the law of the case. See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("[A]ny issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court . . . .") (citation and punctuation omitted); accord OCGA § 9-11-60(h); *Hook v. Bergen*, 286 Ga. App. 258, 261(1) (649 SE2d 313) (2007) (a ruling on an application for discretionary appeal acts as res judicata in later proceedings); see also *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal").[1]

---

[1] Even if we were not bound by our prior dismissal of Dotson's application for discretionary review of the same trial court order, we would lack jurisdiction for the

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*__02/05/2026_____

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

same reason we previously articulated — that Dotson has no right of appeal from an order denying or dismissing a petition to vacate his judgment of conviction. See *Harper v. State*, 286 Ga. 216, 218(1) (686 SE2d 786) (2009).