# Court of Appeals
# of the State of Georgia

ATLANTA,  April 28, 2026

*The Court of Appeals hereby passes the following order:*

## A26A1557. ROBERT STAFFORD v. HERITAGE SELECT, LLC

Heritage Select, LLC and Kennesaw Property Advisors. LLC (collectively, "Heritage") purchased at a foreclosure sale property belonging to Seven Ventures Holdings and Associates, LLC. Following that purchase, Heritage filed the underlying dispossessory action in magistrate court against Seven Ventures and all other occupants of the property. The magistrate court granted Heritage a writ of possession, and  the property's occupant, Icon Studios, LLC, and  Robert Stafford (Icon's sole member) jointly filed a petition for review in the superior court.[1]  Additionally, Stafford filed a motion to be added as a party. Heritage filed a motion to dismiss, arguing that because Stafford had not been a party to the proceeding in magistrate court, he lacked standing to appeal the writ of possession.  Heritage further asserted that Stafford could not represent Icon because, as a corporate entity, the company was required to be represented by a licensed attorney. See *Eckles v. Atlanta Technology Group*, 267 Ga. 801, 805(2) (485 SE2d 22) (1997) ("In this state, only a licensed attorney is authorized to represent a corporation in a proceeding in a court of record . . . ."). The superior court agreed with Heritage and dismissed both the petition for review and Stafford's motion seeking to be added as a party.

Stafford and Icon filed an application for discretionary appeal in this Court, which we denied. See Case No. A26D0331 (February 26, 2026). Stafford and Icon

---

[1] Icon was occupying the property pursuant to a lease it had with Seven Ventures.

then filed this direct appeal. We, however, lack jurisdiction.

Our denial of Stafford's and Icon's application in Case No. A26D0331 was an adjudication on the merits of the underlying order and bars the instant appeal. See *Hook v. Bergen*, 286 Ga. App. 258, 261(1) (649 SE2d 313) (2007) (a ruling on an application for discretionary appeal acts as res judicata in later proceedings); see also *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal"). Accordingly, this direct appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 04/28/2026

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*