## S96A1939. JONES v. TOWNSEND et al.
(480 SE2d 24)

BENHAM, Chief Justice.

In July 1996, Jones attempted to file a petition for mandamus on his own behalf. He was a prisoner in the custody of the Department of Corrections, and sought waiver of filing fees as an indigent. When the trial court denied filing of the petition pursuant to OCGA § 9-15-2 (d),[1] Jones filed a direct appeal. See, e.g., *Graham v. Ault,* 266 Ga.

---

[1] When a civil action is presented for filing under this Code section by a party who is not represented by an attorney, the clerk of court shall not file the matter but shall present the complaint or other initial pleading to a judge of the court. The judge shall review the pleading and, if the judge determines that the pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief against any party named in the pleading, then the judge shall enter an order denying filing of the pleading. If the judge does not so find, then the judge shall enter an order

367 (466 SE2d 213) (1996). The disposition of this appeal is controlled by the Prison Litigation Reform Act of 1996, OCGA § 42-12-1 et seq.

Expressing concern about the rising cost of litigation and the burden on the judicial system created by prisoners conducting civil litigation as a "recreational exercise," the General Assembly enacted the Prison Litigation Reform Act during its 1996 session.[2] To rectify the perceived imbalances in the judicial system toward which the Act was directed, the legislature provided procedures for monitoring prisoner litigation (see OCGA §§ 42-12-4 & 42-12-9) and placed certain burdens on prisoners seeking to conduct civil litigation.[3] See OCGA §§ 42-12-4 through 42-12-8.

Of particular pertinence to this appeal is the restriction imposed in OCGA § 42-12-8: "Appeals of all actions filed by prisoners shall be as provided in Code Section 5-6-35." In the cases specified in OCGA § 5-6-35, and now in appeals of civil cases filed by prisoners, there is no right of direct appeal. Instead, the party wishing to appeal must file an application directed to the appropriate appellate court. Failure to file an application when one is necessary requires that the appeal be dismissed. *Prison Health Svcs. v. Dept. of Administrative Svcs.*, 265 Ga. 810 (1) (462 SE2d 601) (1995).

The effective date of OCGA Ch. 42-12 was April 2, 1996. Since

---

allowing filing and shall return the pleading to the clerk for filing as in other cases. An order denying filing shall be appealable in the same manner as an order dismissing an action. OCGA § 9-15-2 (d).

[2] OCGA § 42-12-2 Legislative findings and determinations.

The General Assembly makes the following findings and determinations:

(1) The costs of litigation are rising dramatically. It is the responsibility of this body to seek out and adopt measures to rectify this situation. One source of the rise in litigation costs is frivolous prisoner lawsuits. Meritless lawsuits are being filed at an ever-increasing rate by prisoners who view litigation as a recreational exercise. To address the problems caused by the filing of nonmeritorious lawsuits and to relieve some of the burden placed on Georgia cities, counties, state agencies, the courts, and the Department of Corrections, this chapter is enacted.

(2) Before filing any sort of civil action, all citizens must evaluate the strengths of their claim in light of their own personal financial situation. Private individuals are forced to balance the strength of their case against the reality of court costs, filing fees, and the potential consequences of filing a frivolous or meritless lawsuit. Georgia's prisoners currently face no such dilemma. In light of the fact that all prisoners' needs are provided at city, county, or state expense, a prisoner cannot claim that his or her financial status or security would be compromised by a requirement to pay court costs and fees. To address this inequity, the General Assembly enacts this chapter.

(3) In forma pauperis status will continue to allow the filing of an action by a prisoner, thus providing the prisoner with the constitutional right to access to courts. Freezing of the prisoner's inmate account will hold the prisoner responsible for court costs and fees by seizing any future deposits into the account.

[3] The Act specifically excludes from its scope criminal appeals and habeas corpus actions. OCGA § 42-12-3 (1).

the action involved here was filed after that date by a prisoner, the statute applies. It follows that an application pursuant to OCGA § 5-6-35 was necessary, and that Jones's failure to comply with the discretionary appeal procedure requires dismissal of this action. *Prison Health Svcs.*, supra.

*Appeal dismissed. All the Justices concur.*

DECIDED FEBRUARY 3, 1997.

Stanley Lewis Jones, *pro se.*

Charles H. Weston, District Attorney, Kirby H. Wincey, Jr., Assistant District Attorney, for appellees.