# Court of Appeals
# of the State of Georgia

ATLANTA,     April 10, 2015

*The Court of Appeals hereby passes the following order:*

## A15A1335.   ELIJAH L. ARRINGTON v. PATRICIA HIRSCH, DEPUTY WARDEN et al.

Elijah L. Arrington, a prison inmate, filed a civil action against four defendants. On August 6, 2014, the trial court dismissed Arrington's claims against three of the defendants.[1]  On October 10, 2014, Arrington filed a notice of direct appeal to this Court.  We lack jurisdiction for three reasons.

First, the notice of appeal is untimely.  To be timely, a notice of appeal must be filed within 30 days of the entry of an appealable judgment.  OCGA § 5-6-38 (a). Arrington filed his motion 65 days after entry of the order he seeks to appeal.

Second, because Arrington is incarcerated, his appeal is controlled by the Prison Litigation Reform Act of 1996, OCGA § 42-12-1 et seq. Under OCGA § 42-12-8, an appeal of a civil action filed by a prisoner "shall be as provided in Code Section 5-6-35."  And under OCGA § 5-6-35, the party wishing to appeal must file an application for discretionary appeal to the appropriate appellate court.  Because a prisoner has no right of direct appeal in civil cases, we lack jurisdiction to consider a direct appeal from the trial court's order. See *Jones v. Townsend*, 267 Ga. 489 (480 SE2d 24) (1997).

Third, the August 6, 2014, order dismissing Arrington's claims was not a final order, as the case still remained pending against the fourth defendant.   "In a case

---

[1] The court entered a second order that was almost identical to the first order on August 21, 2014.  Even if we considered the amended order as the order from which Arrington appealed, his notice of appeal is still untimely.

involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment. In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). Where neither of these code sections are followed, the appeal is premature and must be dismissed." (Citations and punctuation omitted.) *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989).

Accordingly, appellees' motion to dismiss is hereby GRANTED, and this appeal is DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,_____04/10/2015_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.