# Court of Appeals
# of the State of Georgia

ATLANTA,  May 11, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1584.  CRAIG L. JONES v. THE STATE.**

In 2012, Craig L. Jones pled guilty to battery, criminal trespass, and aggravated stalking.[1]  In 2016, Jones, a prison inmate, attempted to file a motion to correct the record to include documents he asserts are missing from the record.  Although he filed the motion in his criminal case, Jones named himself as plaintiff and the prosecutor and the State as defendants.  The superior court denied his filing pursuant to OCGA § 9-15-2 (d), concluding that the proposed filing showed a complete absence of any justiciable issue of law or fact.  Jones then filed this direct appeal.  We, however, lack jurisdiction.

Jones's motion was not filed as part of a pending case, so it is most accurately

---

[1] Since that time, Jones has been before this Court numerous times. He filed two untimely direct appeals — one from the trial court's order denying his motion to modify his sentence, and another from the trial court's order denying his request for a hearing – both of which we dismissed. See Case No. A14A1554 (decided May 6, 2014); Case No. A14A1556 (decided May 6, 2014). In addition, he filed an untimely discretionary application seeking review of the trial court's denial of his motion for minutes of a grand jury proceeding. See Case No. A15D0459 (decided July 9, 2015). He also appealed from the trial court's denial of a writ of mandamus, which we transferred to the Supreme Court. See Case No. A14A1555 (decided May 5, 2014) (The Supreme Court dismissed the appeal.  See Case No. SC14A1459 (decided July 31, 2014)).  This Court dismissed his appeal from the trial court's order denying his motion to vacate void sentence, which was, in essence, an attempt to collaterally attack his convictions.  See Case No. A16A1757 (decided June 2, 2016).  We also dismissed Jones's appeal from  the trial court's denial of his motion to vacate a void judgment.  See Case No. A17A0276 (decided October 20, 2016).

construed as a petition for mandamus relief. However, because Jones is incarcerated, his appeal is controlled by the Prison Litigation Reform Act of 1996, OCGA § 42-12-1 et seq. Under OCGA § 42-12-8, an appeal of a civil action filed by a prisoner "shall be as provided in Code Section 5-6-35." And under OCGA § 5-6-35, the party wishing to appeal must file an application for discretionary appeal to the appropriate appellate court. Because a prisoner has no right of direct appeal in civil cases, we lack jurisdiction to consider this direct appeal from the superior court's order. See *Jones v. Townsend*, 267 Ga. 489, 490-491 (480 SE2d 24) (1997). This appeal is therefore DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   05/11/2017          *
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.