# Court of Appeals
# of the State of Georgia

ATLANTA,  September 05, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0106.  CRAIG L. JONES v. THE STATE.**

In 2012, Craig Jones pled guilty to battery, criminal trespass, and aggravated stalking.[1]  In 2017, Jones, a prison inmate, attempted to file a "Petition for Under the Hague Convention Title 18 § 1781 [sic]."  The trial court construed the petition as a proposed civil action and denied filing of the petition under OCGA § 9-15-2 (d), on the ground that it showed a complete absence of any justiciable issue of law or fact. Jones then filed a notice of appeal to Supreme Court, which transferred the appeal to this Court.  We lack jurisdiction.

Because Jones is incarcerated, his appeal is controlled by the Prison Litigation Reform Act of 1996, OCGA § 42-12-1 et seq.  Under OCGA § 42-12-8, an appeal of

[1] Since then, Jones has been before this Court numerous times.  He filed two direct appeals – one from the trial court's order denying his motion to modify his sentence, and another from the denial of his request for a hearing – both of which we dismissed as untimely. *Jones v. State*, No. A14A1554 (May 6, 2014); *Jones v. State*, No. A14A1556 (May 6, 2014).  We similarly dismissed as untimely Jones's application for discretionary review of the denial of his motion for minutes of a grand jury proceeding. *Jones v. State*, No. A15D0459 (July 9, 2015).  Jones also filed an appeal from the denial of his petition for a writ of mandamus, which we transferred to the Supreme Court, *Jones v. State*, No. A14A1555 (May 5, 2014), which, in turn, dismissed the appeal, *Jones v. Hardy*, No. S14A1459 (July 31, 2014).  This Court subsequently dismissed Jones's appeals from the trial court's orders: (i) denying yet another motion to modify a void sentence, *Jones v. State*, No. A16A1757 (June 2, 2016); (ii) denying Jones's motion to vacate a void judgment, *Jones v. State*, No. A17A0276 (Oct. 20, 2016); and (iii) denying filing of his motion to correct the record, *Jones v. State*, No. A17A1584 (May 11, 2017).

a civil action filed by a prisoner "shall be as provided in Code Section 5-6-35." And under OCGA § 5-6-35 (b), the party wishing to appeal must file an application for discretionary review to the appropriate appellate court. Because a prisoner has no right of direct appeal in civil cases, we lack jurisdiction to consider Jones's direct appeal, which is hereby DISMISSED. See *Jones v. Townsend*, 267 Ga. 489, 490 (480 SE2d 24) (1997).



*Court of Appeals of the State of Georgia*

    *Clerk's Office, Atlanta,*   09/05/2017

    *I certify that the above is a true extract from*

*the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court*

*hereto affixed the day and year last above written.*



                                            *, Clerk.*