# Court of Appeals
# of the State of Georgia

ATLANTA,   January 24, 2018

*The Court of Appeals hereby passes the following order:*

**A18A0832.  CRAIG L. JONES v. JAMES E. HARDY, JUDGE et al.**

In 2012, Craig Jones pled guilty to battery, criminal trespass, and aggravated stalking.[1]  In 2017, the superior court denied Jones's request to file a civil complaint in forma pauperis.  Jones then filed this direct appeal.  We lack jurisdiction.

1.  As we explained in our order dismissing his most recent prior appeal, see *Jones v. State*, No. A18A0106 (Sept. 5, 2017), because Jones is incarcerated, his appeal is controlled by the Prison Litigation Reform Act of 1996, OCGA § 42-12-1 et seq. Under OCGA § 42-12-8, an appeal of a civil action filed by a prisoner "shall be as provided in Code Section 5-6-35."  And under OCGA § 5-6-35, the party wishing to

---

[1] Since then, Jones has been before this Court numerous times.  He filed two direct appeals – one from the trial court's order denying his motion to modify his sentence, and another from the denial of his request for a hearing – both of which we dismissed as untimely.  *Jones v. State*, No. A14A1554 (May 6, 2014); *Jones v. State*, No. A14A1556 (May 6, 2014).  We similarly dismissed as untimely Jones's application for discretionary review of the denial of his motion for minutes of a grand jury proceeding.  *Jones v. State*, No. A15D0459 (July 9, 2015).  Jones also filed an appeal from the denial of his petition for a writ of mandamus, which we transferred to the Supreme Court, *Jones v. State*, No. A14A1555 (May 5, 2014), which, in turn, dismissed the appeal, *Jones v. Hardy*, No. S14A1459 (July 31, 2014).  This Court subsequently dismissed Jones's appeals from the trial court's orders: (i) denying yet another motion to modify a void sentence, *Jones v. State*, No. A16A1757 (June 2, 2016); (ii) denying Jones's motion to vacate a void judgment, *Jones v. State*, No. A17A0276 (Oct. 20, 2016); (iii) denying filing of his motion to correct the record, *Jones v. State*, No. A17A1584 (May 11, 2017); and (iv) denying filing of his "Petition for Under the Hague Convention Title 18 § 1781 [sic]," *Jones v. State*, No. A18A0106 (Sept. 5, 2017).

appeal must file an application for discretionary review in the appropriate appellate court. Because a prisoner has no right of direct appeal in civil cases, we lack jurisdiction to consider this direct appeal from the superior court's order. See *Jones v. Townsend*, 267 Ga. 489, 490 (480 SE2d 24) (1997). This appeal is therefore DISMISSED.

2. This Court is empowered to impose sanctions upon a party who files frivolous appeals. See Court of Appeals Rule 7 (e) (2). Given Jones's history of filing meritless appeals – and, in particular, in light of our recent ruling in Case No. A18A0106 explaining that Jones must file a discretionary application to seek appellate review in a civil action initiated while he is a prisoner – we find this appeal to be frivolous. We caution Jones that any future frivolous filings in this Court may result in the imposition of sanctions.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  01/24/2018
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*