# Court of Appeals
# of the State of Georgia

ATLANTA,_ April 05, 2018_____

*The Court of Appeals hereby passes the following order:*

## A18A1323.  CRAIG L. JONES v. JAMES E. HARDY, JUDGE.

In 2012, Craig L. Jones pled guilty to battery, criminal trespass, and aggravated stalking.[1]  In 2017, Jones, a prison inmate, attempted to file a petition for writ of mandamus. The trial court denied his filing pursuant to OCGA § 9-15-2 (d), concluding that the proposed filing showed a complete absence of any justiciable issue of law or fact.  Jones filed this direct appeal to the Georgia Supreme Court, which transferred the case to this Court.  See Case No. S18A0309 (Nov. 27, 2017).  We, however, lack jurisdiction.

Generally, judgments and orders granting or refusing to grant mandamus relief are directly appealable.  See OCGA § 5-6-34 (a) (7).  However, because Jones is

---

[1] In Jones's prior appeals, we (1) dismissed his appeal of the trial court's denial of his motion to modify his sentence, see Case No. A14A1554 (May 6, 2014); (2) dismissed his appeal of the trial court's denial of his request for a hearing, see Case No. A14A1556 (May 6, 2014); (3) dismissed his application for discretionary review of the trial court's denial of his motion for minutes of a grand jury proceeding, see Case No. A15D0459 (July 9, 2015); (4) dismissed his appeal of the trial court's denial of his motion to vacate void sentence, see Case No. A16A1757 (June 2, 2016); (5) dismissed his appeal of the trial court's denial of his motion to vacate a void judgment, see Case No. A17A0276 (Oct. 20, 2016); (6) dismissed his appeal of the trial court's denial of his petition for mandamus relief, see Case No. A17A1584 (May 11, 2017); and (7) dismissed his appeal of the trial court's denial of his "Petition for Under the Hague Convention Title 18 § 1781 [sic]," see Case No. A18A0106 (Sept. 5, 2017). We also transferred his appeal of the trial court's denial of his petition for mandamus relief to the Georgia Supreme Court, which dismissed the appeal.  See Case No. A14A1555 (May 5, 2014); Case No. SC14A1459 (July 31, 2014).

incarcerated, his appeal is controlled by the Prison Litigation Reform Act of 1996, OCGA § 42-12-1 et seq. Under OCGA § 42-12-8, "[a]ppeals of all actions filed by prisoners shall be as provided in Code Section 5-6-35[,]" the discretionary appeals statute. And "action" is defined to include "any civil lawsuit, action, or proceeding, including an appeal, filed by a prisoner but shall not include an appeal of a criminal proceeding[.]" OCGA § 42-12-3 (1).

Because a prisoner has no right of direct appeal in civil cases, which includes mandamus, we lack jurisdiction to consider this appeal, which is hereby DISMISSED. See *Jones v. Townsend*, 267 Ga. 489, 490 (480 SE2d 24) (1997).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  04/05/2018

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*