# Court of Appeals
# of the State of Georgia

ATLANTA,  July 19, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1952.  XAVIER K. SNELSON, SR. v. JIMMIE H. BROWN, JUDGE.**

Xavier K. Snelson, Sr., a prisoner proceeding pro se, filed a mandamus petition against Judge Jimmie H. Brown seeking to have Judge Brown enter an order in his habeas case.  On December 18, 2017, the court dismissed Snelson's mandamus petition as moot because the court had already entered an order in the habeas case. On January 19, 2017, Snelson filed a notice of appeal to the Supreme Court, and the Supreme Court transferred the case to this Court.  See Case. No. S18A0823 (transferred Apr. 16, 2018).  We, however, lack jurisdiction.

First, while judgments and orders granting or refusing to grant mandamus are generally directly appealable, see OCGA § 5-6-34 (a) (7), under the Prison Litigation Reform Act, any appeal in a civil case that was initiated by a prisoner must come by discretionary application.  See OCGA § 42-12-8; *Jones v. Townsend*, 267 Ga. 489, 490 (480 SE2d 24) (1997).  Because Snelson is incarcerated, he was required to file an application for discretionary appeal to seek appeal of the trial court's order. "[C]ompliance with the discretionary appeals procedure is jurisdictional." *Fabe v. Floyd*, 199 Ga. App. 322, 332 (1) (405 SE2d 265) (1991).  Snelson's failure to follow the required appellate procedure deprives us of jurisdiction over this appeal.

Additionally, even if Snelson had a right of direct appeal, this appeal is untimely. A notice of appeal must be filed within 30 days after the entry of the trial court's order.  OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court.  *Couch v. United Paperworkers Intl. Union*, 224 Ga. App. 721, 721 (482 SE2d 704) (1997).  Here,

Snelson filed his notice of appeal 32 days after the trial court entered its order. Accordingly, for the reasons stated above, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  07/19/2018*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*