# Court of Appeals
# of the State of Georgia

ATLANTA,  September 21, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0169. KENNETH CLAY v. STATE OF GEORGIA et al.**

Prisoner Kenneth Clay presented a pro se inmate grievance to the superior court, which the court construed as a civil action. The superior court found that the pleading showed a complete absence of any justiciable issue of law or fact and denied Clay's request to file the action in accordance with OCGA § 9-15-2 (d). Clay appeals this ruling.[1]

The exact nature of Clay's claim is unclear from his grievance form. Although his statement of claim references "a silent record," "illegal sentence" and violations of his constitutional rights, he seeks payment of damages in addition to his release from incarceration.

To the extent that Clay's action may be construed as a civil action, we are unable to entertain his appeal. Because Clay is incarcerated, his appeal is controlled by the Prison Litigation Reform Act of 1996, OCGA § 42-12-1 et seq.  Under OCGA § 42-12-8, an appeal of a civil action filed by a prisoner "shall be as provided in Code Section 5-6-35."  And under OCGA § 5-6-35, the party wishing to appeal must file an application for discretionary appeal to the appropriate appellate court. Because a prisoner has no right of direct appeal in civil cases, we lack jurisdiction to consider this direct appeal from the superior court's order.  See *Jones v. Townsend*, 267 Ga. 489 (480 SE2d 24) (1997).

---

[1] Clay appealed to the Supreme Court, which transferred the matter to this Court. See Case No. S18A1399.

If we construe Clay's action as an attack on his conviction, we also lack jurisdiction. The Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). Similarly, if we construe Clay's action as a challenge to an illegal sentence, his failure to assert any colorable claim precludes appellate review. See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009).

For these reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  09/21/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*