# Court of Appeals
# of the State of Georgia

ATLANTA,  January 10, 2019

*The Court of Appeals hereby passes the following order:*

**A19A0977. PHILLIP VAN ZANT v. STATE OF GEORGIA.**

In 2000, Phillip Van Zant, who had recently been paroled from prison in Florida, was charged with stalking and making harassing phone calls in Georgia. Ultimately, the Florida Parole Commission revoked Van Zant's parole, and the Georgia trial court entered an order of nolle prosequi as to the charges here. In 2015, Van Zant, who is still incarcerated in Florida, filed a declaratory judgment action in Georgia, asking the court to determine whether Georgia's statutes criminalizing harassing phone calls could be violated by calling someone after being told not to call. See OCGA § 9-4-2 (b). The trial court ultimately dismissed Van Zant's action for lack of service and because he sought an advisory opinion. Van Zant then filed this direct appeal.[1] We lack jurisdiction.

Because Van Zant is incarcerated, to the extent he seeks to appeal the dismissal of his declaratory judgment action, his appeal is controlled by the Prison Litigation Reform Act of 1996, OCGA § 42-12-1 et seq. Under OCGA § 42-12-8, an appeal of a civil action filed by a prisoner "shall be as provided in Code Section 5-6-35." And under OCGA § 5-6-35, the party wishing to appeal must file an application for discretionary appeal to the appropriate appellate court. Because a prisoner has no

---

[1] Van Zant previously filed an original mandamus action in this Court, requesting that we order the trial court to rule on his declaratory judgment action, but the mandamus action was dismissed. See Case No. A18A1972 (dismissed July 18, 2018).

right of direct appeal in civil cases, we lack jurisdiction to consider this appeal. See *Jones v. Townsend*, 267 Ga. 489, 490-491 (480 SE2d 24) (1997).

To the extent that Van Zant seeks to challenge the revocation of his parole by the Florida Parole Commission, this Court is not the proper forum for doing so. Notably, although Van Zant was charged in Georgia, he was not convicted of any crime here, and, thus, there is no Georgia conviction for this Court to review.

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __01/10/2019__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*