# Court of Appeals
# of the State of Georgia

ATLANTA,  June 20, 2019

*The Court of Appeals hereby passes the following order:*

**A19A2171. IN RE MITCHELL LAVERN LUDY.**

Appellant Mitchell Lavern Ludy, who was convicted of murder and other crimes, filed a civil petition for a name change. The trial court denied the petition and Ludy's motion for reconsideration. Ludy then filed a pro se notice of appeal to the Georgia Supreme Court. That court transferred the case to this Court, finding no basis for its jurisdiction. See Case No. S19A1041 (May 6, 2019). We also lack jurisdiction.

First, Ludy's appeal is untimely. A notice of appeal must be filed within 30 days after entry of the order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. See *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). The trial court denied Ludy's request for a name change on August 6, 2018, but Ludy did not file his notice of appeal until February 1, 2019, 179 days later.[1]

Second, because Ludy is incarcerated, his appeal is controlled by the Prison Litigation Reform Act of 1996, OCGA § 42-12-1 et seq. Under OCGA § 42-12-8, an appeal of a civil action filed by a prisoner "shall be as provided in Code Section 5-6-35." And under OCGA § 5-6-35, the party wishing to appeal must file an application

---

[1] To the extent Ludy seeks to appeal the trial court's denial of his motion for reconsideration and his "Supplement Motion" for reconsideration, the denial of a motion for reconsideration is not itself directly appealable, and the filing of such a motion does not extend the time for filing an appeal. See *Bell v. Cohran*, 244 Ga. App. 510, 510-511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271-272 (326 SE2d 5) (1985). In any event, the notice of appeal would be untimely as to those orders.

for discretionary appeal to the appropriate appellate court. Because a prisoner has no right of direct appeal in civil cases, we lack jurisdiction to consider Ludy's direct appeal from the superior court's order. See *Jones v. Townsend*, 267 Ga. 489, 490 (480 SE2d 24) (1997).

Ludy's appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   06/20/2019*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*