# Court of Appeals
# of the State of Georgia

ATLANTA,  September 29, 2020

*The Court of Appeals hereby passes the following order:*

## A21A0307. CURTIS LEE BROWN v. THE STATE.

In 2007, Curtis Lee Brown[1] was convicted of statutory rape, two counts of child molestation, and sexual battery. His convictions were affirmed on appeal in an unpublished opinion. See *Brown v. State*, Case No. A08A1798 (decided Nov. 20, 2008). In 2019, Brown initiated a civil action and filed a motion to set aside his judgment of conviction for lack of subject matter jurisdiction. The trial court denied the motion, and Brown filed this direct appeal.[2] We, however, lack jurisdiction for two reasons.

First, under the Prison Litigation Reform Act, any appeal in a civil case initiated by a prisoner must come by discretionary application. See OCGA § 42-12-8; *Jones v. Townsend*, 267 Ga. 489, 490 (480 SE2d 24) (1997). Because Brown is incarcerated, he was required to file an application for discretionary appeal to seek review of the trial court's order. "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Brown's failure to follow the proper appellate procedure deprives us of jurisdiction over this appeal.

Second, even if Brown had a right of direct appeal, he cannot attack his

---

[1] Brown's name sometimes appears as "K/Curtis Lee Brown," "Kurtis Lee Brown Bey," or "Kurtis Ladell Brown."

[2] Brown filed his appeal in the Georgia Supreme Court, which transferred the case to this Court upon finding it did not have jurisdiction. See Case No. S20A1535 (decided Aug. 24, 2020).

convictions in this manner. In his motion to set aside and memorandum in support, Brown argued that the trial court lacked subject matter jurisdiction because of defects in the indictment. However, such a claim is an attack on his convictions. See *Jones v. State*, 290 Ga. App. 490, 494 (2) (659 SE2d 875) (2008) (holding that attacks on the indictment are essentially attempts to have the judgment of conviction vacated). "[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case[,]" and any appeal from an order denying or dismissing such a motion must be dismissed. *Harper v. State*, 286 Ga. 216, 218 (1) & (2) (686 SE2d 786) (2009).

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__09/29/2020_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*