# Court of Appeals
# of the State of Georgia

ATLANTA,  April 21, 2021

*The Court of Appeals hereby passes the following order:*

**A21D0269.  ANDREW  WHITE  PAYNE  v.  TIMOTHY  C.  WARD, COMMISSIONER, GEORGIA DEPARTMENT OF CORRECTIONS.**

Andrew White Payne filed a petition for mandamus against the Commissioner of the Georgia Department of Corrections. On December 1, 2020, the trial court entered an order dismissing the petition for lack of service. On March 25, 2021, Payne filed the instant application for discretionary appeal seeking review of the dismissal order.[1] We lack jurisdiction.

An application for discretionary review must be filed within 30 days of entry of the order or judgment to be appealed.  See OCGA § 5-6-35 (d).  Compliance with this statutory deadline is an absolute requirement to confer jurisdiction in this Court, and thus, the untimely filing of a discretionary application requires its dismissal. See *Gable v. State*, 290 Ga. 81, 82 (2) (a) (720 SE2d 170) (2011).  Payne's application was untimely filed 114 days after entry of the order he seeks to appeal.  Accordingly,

---

[1] Payne also sought to challenge the order by filing a direct appeal, which was dismissed. See A21A0976 (dismissed, Feb. 16, 2021). Generally, judgments and orders refusing to grant mandamus are directly appealable. See OCGA § 5-6-34 (a) (7). Under the Prison Litigation Reform Act, however, any appeal in a civil case initiated by a prisoner must come by discretionary application. See OCGA § 42-12-8; *Jones v. Townsend*, 267 Ga. 489, 490 (480 SE2d 24) (1997). Because Payne is incarcerated, he was required to timely file this discretionary application.

this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* __04/21/2021__

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ *, Clerk.*