# Court of Appeals of the State of Georgia

ATLANTA,  August 09, 2021

*The Court of Appeals hereby passes the following order:*

### A21A1785. TERRANCE E. MOBLEY v. STATE BOARD OF PARDONS AND PAROLES.

Terrance Mobley is currently serving a life sentence for a 1993 murder conviction. To date, the State Board of Pardons and Paroles has denied his requests for parole. This is Mobley's third appeal to this Court in connection with his efforts to obtain parole.

First, Mobley attempted to file, as a pauper, a pro se mandamus petition against the Board in the superior court. The superior court denied the filing on the ground that the Board has discretion to grant or deny parole.[1] Mobley appealed directly to this Court, but we dismissed the appeal because he was required, under the Prison Litigation Reform Act, to file an application for discretionary appeal. See Case No. A19A0844 (Jan. 10, 2019).

Second, Mobley filed an original mandamus petition in this Court seeking his immediate release from incarceration. We dismissed the petition, noting that before seeking to invoke our original mandamus jurisdiction, Mobley should petition the superior court for relief. See Case No. A21A0535 (Dec. 16, 2020).

Mobley has now filed another original mandamus petition in this Court, again asking us to order his immediate release. Based on the materials Mobley has submitted, it appears that he did petition the superior court for relief, this time paying

---

[1] Although the Board has discretion to grant parole, we note that an inmate can challenge the Board's decision in superior court where the Board has grossly abused its discretion. See *Day v. Bernard*, 356 Ga. App. 558 (848 SE2d 190) (2020).

the filing fee rather than seeking pauper status. The court dismissed the petition without prejudice, however, because Mobley failed to use the required form promulgated by the Administrative Office of the Courts. It further appears that Mobley filed a notice of appeal from the dismissal order , but the appellate record has not been transmitted to this Court.[2]

As an appellate court, we have limited original mandamus authority in aid of our jurisdiction. See Ga. Const. of 1983, Art. VI, Se. I, Par. IV ("Each court may exercise such powers as necessary in aid of its jurisdiction or to protect or effectuate its judgments, but only the superior and appellate courts shall have the power to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction."). Thus, "the procedure to be followed before seeking to invoke this court's original jurisdiction (the need for which is extremely rare) is to file such petition in the appropriate lower court." *Byrd v. Robinson*, 349 Ga. App. 19, 20 (825 SE2d 424) (2019) (punctuation omitted).

We recognize that Mobley did file a petition in the superior court, which subsequently dismissed it. But rather than seeking discretionary review of the dismissal order, Mobley chose to file a second original mandamus petition in this Court. As we explained in our order dismissing Case No. A21A0585, this is not one of those rare circumstances in which this Court will exercise original mandamus jurisdiction. Accordingly, this petition is hereby DISMISSED.

---

[2] We remind Mobley that, because he is incarcerated, he has no right of direct appeal in any civil action he initiates and must, instead, file an application for discretionary review using the procedure set forth in OCGA § 5-6-35. See OCGA § 42-12-8; *Jones v. Townsend*, 267 Ga. 489, 490-491 (480 SE2d 24) (1997); see also Court of Appeals Rule 31 (explaining discretionary appeal procedure).



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* __08/09/2021__

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*