# Court of Appeals
# of the State of Georgia

ATLANTA,  November 08, 2021

*The Court of Appeals hereby passes the following order:*

**A22A0408. CHARLIE BRANNER v. CLAY PATE.**

In November 2018, Charlie Branner entered a negotiated plea under *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970) to three counts of child molestation.[1] On September 21, 2021, Branner filed the instant pro se mandamus petition seeking to compel the trial court to provide documentation regarding the impaneling of juries during the court's September 2017 term and a transcript of the hearing on his motion to withdraw his guilty plea. The mandamus petition was assigned a new civil case number. The trial court provided Branner with some information about the juries impaneled and denied the petition as moot, and Branner filed a pro se notice of appeal.

Although judgments and orders granting or refusing to grant mandamus are generally directly appealable under OCGA § 5-6-34 (a) (7), under the Prison Litigation Reform Act, any appeal in a civil case that was initiated by a prisoner must come by discretionary application. See OCGA § 42-12-8; *Jones v. Townsend*, 267 Ga. 489, 490 (480 SE2d 24) (1997). Because Branner is incarcerated, he was required to

---

[1] This is not Branner's first appearance in this Court. Branner filed a pro se motion to withdraw his guilty plea while represented by counsel, and the trial court denied his motion, and he appealed to this Court. In *Branner v. State*, 355 Ga. App. 137 (843 SE2d 26) (2020), we vacated the trial court's order denying his motion and remanded the case with direction that the trial court dismiss Branner's pro se motion. Since that time, Branner filed a direct appeal from the trial court's denial of his motion for an out-of-time appeal, which this Court dismissed. See Case No. A21A0619 (May 26, 2021).

file an application for discretionary appeal in order to appeal the civil mandamus ruling. See *Brock v. Hardman*, 303 Ga. 729, 731 (2) (814 SE2d 736) (2018). For this reason, we lack jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
          *Clerk's Office, Atlanta,    11/08/2021             *
          *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
          *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*