# Court of Appeals
# of the State of Georgia

ATLANTA,  December 09, 2021

*The Court of Appeals hereby passes the following order:*

## A22A0452. KENDALL LACY v. THOMAS A. COX, JR.

Kendall Lacy, who is incarcerated in the Fulton County Jail awaiting criminal trial, filed an original mandamus petition in this Court.[1] Lacy seeks an order of this Court mandating the trial court judge to allow Lacy to represent himself. For reasons that follow, mandamus is not an appropriate remedy.

An appellate court has limited original mandamus authority in aid of our jurisdiction. See Ga. Const. of 1983, Art. VI, Sec. I, Par. IV. Mandamus will issue "only if (1) no other adequate legal remedy is available to effectuate the relief sought; and (2) the applicant has a clear legal right to such relief." *Bibb County v. Monroe County*, 294 Ga. 730, 734 (2) (755 SE2d 760) (2014).

According to Lacy's mandamus petition, he filed a mandamus petition in the trial court to have counsel removed and proceed pro se based on ineffective assistance

---

[1] This is not Lacy's first appearance in this Court. He previously filed an original mandamus petition in this Court asking us to dismiss the charges against him based upon the violation of his right to a speedy trial. We dismissed the petition because he did not show that the extremely rare exercise of this Court's original mandamus jurisdiction was warranted. See Case No. A20A0817 (Jan. 16, 2020). He then filed two more original mandamus petitions in this Court asking us to direct the trial court to dismiss the charges against him because the court failed to act upon his speedy trial demand, and because the charges against him were baseless and he was pursuing an action for malicious prosecution against the State. We dismissed the petitions because neither presented an appropriate case for our original mandamus jurisdiction. See Case. Nos. A20A1250, A20A1251 (Feb. 14, 2020).

of counsel, but the petition was dismissed with prejudice.[2] . Then, he filed a motion for default judgment, which the court has not yet ruled on. . Lacy appears to contend that, because his counsel did not file an answer to Lacy's mandamus petition, Lacy is entitled to a "default judgment" allowing him to proceed pro se. . He now asks this Court to mandate the trial court judge to allow him to proceed pro se in his criminal case.

Although he styles his petition as one for mandamus, the relief he seeks – permission to proceed pro se – is not the proper subject of mandamus petition. Rather, he may seek this relief from the trial court in the context of his criminal case. See, e.g., *Oduok v. Bowden*, 272 Ga. 778, 778 (535 SE2d 241) (2000) (mandamus unavailable if defendant has adequate remedy at law in pending criminal case). Lacy has not shown that the extremely rare exercise of this Court's original mandamus jurisdiction is warranted here.

To the extent that Lacy may be attempting to appeal the trial court's dismissal of his mandamus petition to have counsel removed, under the Prison Litigation Reform Act, any appeal in a civil case that was initiated by a prisoner must come by discretionary application. See OCGA § 42-12-8; *Jones v. Townsend*, 267 Ga. 489, 490 (480 SE2d 24) (1997). Because Lacy is incarcerated, he was required to file an application for discretionary appeal in order to appeal the civil ruling. See *Brock v. Hardman*, 303 Ga. 729, 731 (2) (814 SE2d 736) (2018). Thus, to the extent he is attempting to appeal the trial court's dismissal of his mandamus petition to have counsel removed, we lack jurisdiction.

For these reasons, this petition is hereby DISMISSED.

---

[2] The record does not contain the trial court's dismissal order.



*Court of Appeals of the State of Georgia*

      *Clerk's Office, Atlanta,  12/09/2021*

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*