# Court of Appeals
# of the State of Georgia

ATLANTA,  May 11, 2022

*The Court of Appeals hereby passes the following order:*

**A22A1304.    ARTURO ACEVES RAMIREZ v. BARTOW COUNTY SUPERIOR COURT et al.**

In August 2012, Arturo Aceves Ramirez pleaded guilty to multiple counts of aggravated assault and numerous other offenses and he was sentenced to a total term of 40 years, with the first 35 years to be served in confinement. Over six years after he was sentenced, Ramirez filed a motion for an out-of-time appeal in May 2019, arguing that his trial counsel was ineffective for failing to advise him of his right to appeal. The trial court summarily denied Ramirez's motion without an evidentiary hearing. In an unpublished opinion, we vacated the judgment and remanded the case in order for the trial court to conduct a hearing because we could not determine from the record whether the failure to timely pursue an appeal was the result of plea counsel's deficient performance. See *Ramirez v. State*, Case No. A20A0629 (April 8, 2020).

After the trial court failed to conduct a hearing, Ramirez filed a mandamus petition in this Court seeking to compel the hearing.  We subsequently dismissed the petition because there was no indication that Ramirez had sought to obtain mandamus relief in the superior court. *Ramirez v. Bartow County Superior Court et al.*, Case No. A21A1648 (July 1, 2021).

In March 2022, Ramirez attempted to file a writ of mandamus against the judges of the Superior Court of Bartow County. The trial court did not file the petition in light of the Georgia Supreme Court's decision in *Cook v. State*, ___ Ga. ___, ___

(5) (Case No. S21A1270, decided March 15, 2022). In that case, the Court held that a trial court lacks authority to grant an out-of-time appeal because "there was and is no legal authority for motions for out-of-time appeal in trial courts." Id. (noting that *Cook*'s holding applies "to all cases that are currently on direct review or otherwise not yet final"). Because Ramirez had no right to file a motion for out-of-time appeal, the trial court reasoned that he was not entitled to a hearing on his motion. The instant appeal followed. We, however, lack jurisdiction.

While judgments and orders granting or refusing to grant mandamus relief generally are directly appealable, see OCGA § 5-6-34 (a) (7), under the Prison Litigation Reform Act of 1996, an appeal in a civil action filed by a prisoner must be initiated by filing an application for discretionary review. See OCGA § 42-12-8; *Jones v. Townsend*, 267 Ga. 489, 490 (480 SE2d 24) (1997). Because Ramirez was incarcerated at the time he attempted to file his petition, his failure to comply with the discretionary review procedures deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED. See *Jones*, 267 Ga. at 490-491.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* __05/11/2022__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.* *Stephen E. Castlen*