# Court of Appeals
# of the State of Georgia

ATLANTA,_ June 26, 2024

*The Court of Appeals hereby passes the following order:*

## A24A1649. JAIRUS B. MOORE v. DEKALB COUNTY SUPERIOR COURT JUDGES.

Jairus Moore currently is serving a lengthy prison sentence following his 1998 convictions for rape, aggravated sodomy, and other crimes. In 2023, Moore filed a petition for a writ of mandamus, seeking to compel the trial court to rule on two post-conviction motions he had filed. On January 4, 2024, the trial court dismissed the mandamus petition as moot on the ground that both of Moore's post-conviction motions had been denied the month before. Moore then filed both an application for discretionary review, and, on February 8, 2024, a notice of appeal. We dismissed Moore's discretionary application as moot, see *Moore v. DeKalb Superior Court Judges*, Case No. A24D0223 (Feb. 7, 2024), and the direct appeal has been docketed as the current case, No. A24A1649. We lack jurisdiction for multiple reasons.

First, under the Prison Litigation Reform Act of 1996, an appeal in a civil action filed by a prisoner must be initiated by filing an application for discretionary review. See OCGA § 42-12-8, cross-referencing OCGA § 5-6-35; *Jones v. Townsend*, 267 Ga. 489, 490 (480 SE2d 24) (1997). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Moore has no right of direct appeal here because (a) he was incarcerated when he filed this civil action and (b) we denied his application for discretionary review. See *Jones*, 267 Ga. at 490-491; *Moore*, Case No. A24D0223.

Second, even if a direct appeal were proper in this case, this appeal is untimely. A notice of appeal must be filed within 30 days of entry of the judgment or trial court

order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court. *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012). Moore's notice of appeal was untimely filed 35 days after entry of the order he seeks to appeal.

Finally, our ruling in Case No. A24D0223 that the issues raised in Moore's mandamus petition are moot renders the current appeal barred by the law of the case. See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("[A]ny issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court . . . .") (punctuation omitted); accord *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007) (a ruling on an application for discretionary review acts as res judicata in later proceedings); see also *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal"). For the above reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*  06/26/2024

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*