# Court of Appeals
# of the State of Georgia

ATLANTA, August 16, 2024

*The Court of Appeals hereby passes the following order:*

## A25A0109. DARRYL PERNELL BUTLER v. W. E. BOZEMAN et al.

In 2017, a jury found Darryl Butler guilty of incest, child molestation, and statutory rape, and the trial court imposed a lengthy prison sentence. On appeal, we reversed Butler's child molestation conviction but affirmed his other convictions. *Butler v. State*, 352 Ga. App. 579 (835 SE2d 389) (2019).

In March 2022, Butler, who remains incarcerated, attempted to file a pro se civil action against the Mitchell County Sheriff and others. The trial court denied filing of the complaint on the ground that it showed a complete absence of any justiciable issue of law or fact under OCGA § 9-15-2 (d). Butler then filed this direct appeal. We lack jurisdiction.

Because Butler is incarcerated, his appeal is controlled by the Prison Litigation Reform Act of 1996, OCGA § 42-12-1 et seq. Under OCGA § 42-12-8, an appeal of a civil action filed by a prisoner "shall be as provided in Code Section 5-6-35." And under OCGA § 5-6-35, the party wishing to appeal must file an application for discretionary review in the appropriate appellate court. Butler's failure to comply with the discretionary review procedure deprives us of jurisdiction over this direct appeal. See *Jones v. Townsend*, 267 Ga. 489, 490 (480 SE2d 24) (1997).

Although Butler titled his notice of appeal as a "Notice of Appeal and/or Application for a Discretionary Appeal," we construe the filing as a notice of appeal — and not an application for discretionary review — because he filed it in the trial court, rather than this Court. A notice of appeal is filed in the trial court to initiate a direct appeal to an appellate court, while an application for discretionary review must

be filed in the appropriate appellate court to request permission to appeal. Compare OCGA § 5-6-35 (d) (an application for discretionary review is filed in the appropriate appellate court), with OCGA § 5-6-37 (a notice of appeal must be filed "with the clerk of the court wherein the case was determined").

Because a prisoner has no right of direct appeal in civil cases, we lack jurisdiction to consider this direct appeal, which is hereby DISMISSED. See *Jones*, 267 Ga. at 490-491.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 08/16/2024

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*