# Court of Appeals
# of the State of Georgia

ATLANTA,  September 16, 2024

*The Court of Appeals hereby passes the following order:*

**A25A0311. DAVID LITTLE, II v. HOPE HARMON.**

In February 2024, prison inmate David Little, II, filed a pro se complaint against Hope Harmon. Little subsequently filed a motion for entry of default against Harmon, which the trial court denied. Little then filed this direct appeal. We lack jurisdiction for two reasons.

First, under the Prison Litigation Reform Act of 1996, an appeal in a civil action filed by a prisoner must be initiated by filing an application for discretionary review. See OCGA § 42-12-8, cross-referencing OCGA § 5-6-35; *Jones v. Townsend*, 267 Ga. 489, 490 (480 SE2d 24) (1997). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Because Little was incarcerated when he filed this civil action, his failure to comply with the discretionary review procedure deprives us of jurisdiction over this direct appeal. See *Jones*, 267 Ga. at 490-491.

Second, under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." Here, the trial court's order denying Little's motion for entry of default was a non-final order that did not resolve all issues in this case. Consequently, even if this appeal was not subject to the discretionary review statute, Little was required to use the interlocutory appeal procedures — including obtaining a certificate of immediate

review from the trial court — to appeal that order.[1] See OCGA § 5-6-34 (b); *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). His failure to do so also deprives us of jurisdiction over this direct appeal. See *Bailey*, 266 Ga. at 833.

For the above reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



Court of Appeals of the State of Georgia
                                          C l e r k ' s    O f f i c e ,
Atlanta,___09/16/2024_____

       I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

       Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.

---

[1] Two months after Little filed his notice of appeal, the trial court granted Harmon's motion to dismiss Little's amended complaint. Pretermitting whether a premature notice of appeal may ripen under the circumstances presented here, Little's notice of appeal specified that he sought to appeal only the denial of his motion for entry of default, not the subsequent dismissal of his amended complaint. See OCGA § 5-6-37 (a notice of appeal must identify "the judgment, ruling, or order entitling the appellant to take an appeal").