# Court of Appeals
# of the State of Georgia

ATLANTA, _November 21, 2024_

*The Court of Appeals hereby passes the following order:*

## A25A0670. AJALIN WYNN v. SHIRLENE LOWRY.

In June 2024, prison inmate Ajalin Wynn filed a pro se petition for a writ of mandamus against a Meriwether County Magistrate Court judge. The trial court granted the judge's motion to dismiss the petition, and Wynn filed both an application for discretionary review and a notice of appeal seeking appellate review of the order dismissing his petition.[1] We denied Wynn's discretionary application on the merits, see *Wynn v. Lowry*, Case No. A25D0092 (Nov. 6, 2024), and the direct appeal has been docketed as the current case, No. A25A0670. We lack jurisdiction.

Under the Prison Litigation Reform Act of 1996, an appeal in a civil action filed by a prisoner must be initiated by filing an application for discretionary review. See OCGA § 42-12-8, cross-referencing OCGA § 5-6-35; *Jones v. Townsend*, 267 Ga. 489, 490 (480 SE2d 24) (1997). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Because Wynn was incarcerated when he filed this civil action, he has no right to a direct appeal here, and we denied his application for discretionary review. See *Jones*, 267 Ga. at 490-491; *Wynn*, Case No. A25D0092.

Moreover, our denial of Wynn's application in Case No. A25D0092 renders the current appeal barred by the law of the case doctrine. See *Ross v. State*, 310 Ga. App.

---

[1] Wynn directed his application and appeal to the Supreme Court of Georgia, which transferred both matters to this Court. See *Wynn v. Lowry*, Case No. S25D0129 (Sept. 26, 2024); *Wynn v. Lowry*, Case No. S25A0122 (Oct. 15, 2024).

326, 327 (713 SE2d 438) (2011) ("[A]ny issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court . . . .") (citation and punctuation omitted); accord *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007) ("[T]he denial of an application for discretionary appeal is an adjudication on the merits of the underlying order and acts as res judicata in subsequent proceedings."); see also *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a defendant "is not entitled to another bite at the apple by way of a second appeal").

For the above reasons, this direct appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,   11/21/2024*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*