# Court of Appeals
# of the State of Georgia

ATLANTA,  April 03, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1427. MARK JULIAN KERLIN v. ANGELA REAVES-PHAMS et al.

Mark Kerlin, who is currently incarcerated, filed a civil action which the trial court dismissed on December 12, 2024. On January 16, 2025, Kerlin filed both a notice of appeal in the trial court and an application for discretionary review to the Supreme Court. The Supreme Court transferred both appeals to this Court. We dismissed Kerlin's application as untimely filed, see Case No. A25D0274 (Mar. 17, 2025), and the appellee Angela Reaves-Phams has filed a motion to dismiss this direct appeal. We agree that we lack jurisdiction.

Under the Prison Litigation Reform Act of 1996, an appeal in a civil action filed by a prisoner must be initiated by filing an application for discretionary review. See OCGA § 42-12-8, cross-referencing OCGA § 5-6-35; *Jones v. Townsend*, 267 Ga. 489, 490 (480 SE2d 24) (1997). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Because Kerlin was incarcerated when he filed this civil action, he has no right to a direct appeal here. See *Jones*, 267 Ga. at 490-491.

Additionally, our dismissal of Kerlin's application in Case No. A25D0274 renders the current appeal barred by the law of the case. See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("[A]ny issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court . . . .") (citation and punctuation omitted); accord OCGA § 9-11-60 (h); *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007) (a ruling on an application for discretionary appeal acts as res judicata in later proceedings); see also; *Jackson v. State*, 273 Ga. 320, 320 (540

SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal").[1]

For the above reasons, the motion to dismiss is GRANTED and this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  04/03/2025*

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.

---

[1] Finally, even if a direct appeal were proper in this case and this appeal were not barred by the law of the case, this appeal is untimely. A notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court. *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012). Here, Kerlin filed his notice of appeal 35 days after entry of the order he seeks to appeal.