# Court of Appeals
# of the State of Georgia

ATLANTA,  May 29, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1814. JAMES LANDING v. JOSEPH BOOTH.

Prison inmate James Landing filed a pro se petition for a writ of mandamus to compel the trial court to rule on his extraordinary motion for a new trial. The trial court dismissed the petition as moot on March 31, 2025, and Landing filed a notice of appeal on May 9, 2025. We lack jurisdiction for at least two reasons.

First, under the Prison Litigation Reform Act of 1996, an appeal in a civil action filed by a prisoner must be initiated by filing an application for discretionary review. See OCGA § 42-12-8, cross-referencing OCGA § 5-6-35; *Jones v. Townsend*, 267 Ga. 489, 490 (480 SE2d 24) (1997). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Because Landing was incarcerated when he filed this civil action, he has no right to a direct appeal here. See *Jones*, 267 Ga. at 490-491.

Second, even if a direct appeal were proper in this case, this appeal is untimely. A notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court. *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012). Landing's notice of appeal was filed 39 days after entry of the order he seeks to appeal.

For these reasons, we lack jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* ___05/29/2025_____

　　*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

　　*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*