# Court of Appeals
# of the State of Georgia

ATLANTA,  October 15, 2025

*The Court of Appeals hereby passes the following order:*

## A26A0401. EMBERY MCBRIDE v. TERRY BARNARD et al.

In 1986, Embery McBride was convicted of rape and aggravated sodomy and sentenced to life in prison. This Court affirmed McBride's convictions and sentence on appeal. *McBride v. State*, 187 Ga. App. 857, 857 (372 SE2d 308) (1988). After being denied parole in 2024, McBride filed the underlying petition for mandamus against the members of the Georgia State Board of Pardons and Paroles ("the Board"). The trial court denied his petition, and subsequently denied McBride's motion to set aside the order of denial.[1] McBride then filed a motion to recuse the trial judge from "any further dealings" in the underlying mandamus action.  The trial court denied that motion, and McBride filed this direct appeal. We lack jurisdiction.

Under the Prison Litigation Reform Act of 1996, an appeal in a civil action filed by a prisoner must be initiated by filing an application for discretionary review. See OCGA § 42-12-8, cross-referencing OCGA § 5-6-35; *Jones v. Townsend*, 267 Ga. 489, 490 (480 SE2d 24) (1997). "Compliance with the discretionary appeals procedure is jurisdictional." *Hair Restoration Specialists v. State of Ga.*, 360 Ga. App. 901, 903 (862 SE2d 564) (2021) (citation and punctuation omitted). Given that McBride was incarcerated when he filed the underlying civil action, his failure to comply with the discretionary review procedure deprives us of jurisdiction over this direct appeal,

---

[1] McBride filed a direct appeal from the trial court order denying his motion to set aside, which this Court dismissed for lack of jurisdiction. *McBride v. Barnard et al*, Case No. A26A0209 (Sept. 15, 2025).

which is hereby DISMISSED. See *Jones*, 267 Ga. at 490 ("Failure to file an application when one is necessary requires that the appeal be dismissed."); *Hair Restoration Specialists*, 360 Ga. App. at 903.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*__10/15/2025_____

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*